**RHUDE, Plaintiff-Appellee, v. ED. G. KOEHL, Inc., Defendant-Appellant.**

Ohio Appeals, First District; Clermont County.

No. 177.   Decided October 25, 1948.

Nichols, Speidel & Nichols, Batavia, Harold Predmore, Hillsboro, for plaintiff-appellee.

Rendigs & Fry, Cincinnati, Ely, White & Davidson, Batavia, for defendant-appellant.

## OPINION

By MATTHEWS, PJ.:

It is admitted that a collision took place between an automobile in which the plaintiff was riding and a truck owned by the defendant. The automobile in which the plaintiff was riding was moving along Public Highway 28. The defendant's truck was stationary within the bounds of that highway. Whether the collision was caused by the automobile in which the plaintiff was riding departing from the traveled portion of the highway, or by the truck or some portion of it extending on or over the traveled portion was in dispute, and the evidence was conflicting. The jury found for the plaintiff. The jury must have found that some part of the truck extended on or over the traveled portion of the highway. On this record we must accept that fact as established. And accepting that as an established fact, there is ample evidence to justify the jury in concluding that the truck was parked in a negligent manner, and that such negligence contributed to the collision, creating a liability on the

part of whoever was thus negligent for the injuries directly resulting therefrom

(2) There is no evidence that the plaintiff took any part in the operation of the automobile in which he was riding or that he had the right to control its operation. He was a guest. The action of the operator could not be imputed to him. It is true that the court left to the jury the issue of whether Wright was the plaintiff's agent, but this was done at the defendant's request, and, of course, it cannot predicate error upon it. The charge on the subject was correct.

(3) It is urged that the action of the operator of the truck can not be imputed to the defendant, because he was not acting for and on behalf of the defendant and in the scope of his employment at the time of the collision. The evidence on this issue is as follows:—

The defendant's feed and coal business was located in Reading, Ohio. It owned the truck with which the automobile collided. Gordon Russell was employed by it as a truck driver and made deliveries for it. He lived on Public Highway 28, where this collision took place. He had on many occasions used this truck to go to his home from the defendant's place of business and return thereto, keeping the truck overnight in the yard at his home. Russell had some authority to solicit orders for defendant and in one instance had sold coal for defendant to one Jones who lived a mile or mile and one-half beyond his home on a road that intersected Highway 28. Sometime, perhaps a month, before this accident he had been authorized to solicit another order for coal from Jones, but had done nothing about it.

On the day of the collision, according to the testimony of Russell, he concluded to try to sell some coal to Jones and started from his home in the truck for that purpose. Before he reached the place where Highway 28 was intersected by the road on which Jones lived, he discovered that he had no cigarettes and concluded to go on beyond that point, a mile or so, to Goshen to get cigarettes. He went on to Goshen where he stayed an hour or so and then started back. As he approached the road on which Jones lived he could see his house and yard. He knew that Jones had the habit of parking his automobile in his yard, which could be seen from Highway 28. On this occasion Russell looked as he was returning and not seeing the Jones automobile in the yard concluded that Jones was not at home, and so proceeded to his (Russell's) home without seeing Jones. He was obliged to cross Highway 28 and open a gate in order to get into his

yard. To open the gate he had to park the truck. It was while the truck was parked and while he was pushing the gate open that the collision occurred.

All these details were testified to by Russell. It is assigned as error that the court permitted counsel for plaintiff, who had called him as a witness, to refresh his recollection by calling his attention to statements made by him on previous occasions.

We see no error in this respect. The manner of conducting an examination rests largely in the discretion of the trial court. When it is considered that Russell was the employee of defendant at the time of this accident and at the time of trial, and that he was charged with responsibility for this collision, we can see no abuse of discretion in allowing this method of examination. There was no harassment of the witness and when his memory was refreshed, he testified that what he had said on the prior occasion was the fact.

But it is strongly urged that this testimony is insufficient to show that Russell was acting for and on behalf of the defendant at the time of this collision, that he departed therefrom when he went to Goshen for cigarettes, and thereby engaged in his own enterprise, and never returned to the business of the defendant.

The evidence shows that as Russell approached the Jones' residence in each instance his purpose was to interview Jones and endeavor to sell coal to him. That was his original purpose when he left his home, and it was his purpose when he left Goshen. To complete either purpose required his return to the place where the collision occurred. Had he actually solicited Jones, his purpose on his return trip therefrom would have been to reach his home, but still it would have been his employer's business, because the return was a mere incident of his going. **Amstutz v. Prudential Ins. Co., 136 Oh St, 404, at page 409.** It was necessary to complete the execution of the authority conferred upon him.

It is not at all unusual to have the question of whether the employee is acting within the scope of his authority turn upon the motive or intent of the employee. If his purpose is to promote the business of the employer, the act may be within his authority, but if the purpose is to serve some other purpose and no purpose of his employer, it is without his authority. And usually such purpose or intent can only be proven by circumstantical evidence. This case is distinctive only in that the agent himself testified to his intention. That the employee's intent or purpose is determinative in many

situations is clear from the cases. In the second paragraph of the syllabus to **Nelson Business College Co. v. Lloyd, 60 Oh St, 448,** it is said:

"When the act complained of may or may not be, from its nature, in the course of the servant's employment, and this depends upon the real motive or purpose of the servant in doing the act, it is a question for the jury to determine upon a consideration of all the circumstances adduced in evidence."

This accident occurred at a place where Russell would have operated the defendant's truck had there been no deviation. The accident did not occur on that part of the route made necessary to accomplish the purpose personal to Russell. Writing of the effect of a deviation by the employee from the course of his employment, it is stated in 35 Am. Jur., 990, that:

"A temporary deviation or departure from the employer's business merely suspends the relation of master and servant and the liability of the master for the servant's acts during the period of the departure; when the object of that departure has been accomplished and the servant reengages in the discharge of his duty, the responsibility of the master for the servant's acts immediately attaches. Where there is a temporary abandonment, the master again becomes liable for the servant's acts when the latter once more begins to act in his business."

And, at 992:

"According to the rule of many courts, the employer may be held liable for the torts of his servant which are committed after the personal business of the latter has been concluded and while he is returning to the place where he departed from the designated course. Some courts hold that the mere fact that an employee using the car for his own business or pleasure is returning to the master's garage, or to his employment, when the injury occurs, does not alone constitute such a resumption of his master's business as will render the master liable for the injury. The truth is that

no hard and fast rule on the subject either of space or time can be applied. It cannot be said of a servant in charge of his master's vehicle, who temporarily abandons his line of travel for a purpose of his own, that he again becomes a servant only when he reaches a point on his route which he necessarily would have passed had he obeyed his orders."

We have considered other errors assigned and find none of a prejudicial nature. We are of the opinion that the issues were fairly submitted to the jury under a charge containing no substantial error.

For these reasons, the judgment is affirmed.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.