This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
In this personal injury action resulting from a motor vehicle accident, plaintiff-appellant Sabrina Caldwell appeals from the trial court order that granted the motion for summary judgment filed by defendant-appellee Ellacott Shaker Volkswagen, Inc. Appellant, who sought to impose liability upon appellee under the doctrine of respondeat superior, argues genuine issues of material fact remain and, therefore, summary judgment was improper. This court finds otherwise.
The record reflects appellant originally filed her action against appellee and its employee Neil Fazio,[1] alleging she was injured while crossing an intersection on foot when she was struck by an automobile driven by Fazio. Appellant further alleged that at the time the accident occurred, viz, the afternoon of February 12, 1997, Fazio was an employee of appellee and "was acting within the scope of his employment for [appellee]."
Appellee filed an answer denying appellant's allegations and asserting several affirmative defenses. Thereafter, appellee filed a motion for summary judgment. Appellee's motion was supported by a copy of the deposition testimony of Fazio.
Appellant filed a brief in opposition to appellee's motion but failed to attach any evidentiary material to it. Appellant simply asserted Fazio's deposition testimony demonstrated genuine issues of material fact remained to be resolved, thus precluding summary judgment.
The trial court subsequently granted appellee's motion without opinion. On appeal, appellant asserts the trial court erred and bases her assertion on two arguments, viz., at the time the accident occurred, Fazio had only partially deviated from the course of his employment and, further, appellee still retained control over Fazio. Neither of appellant's arguments has merit.
A motion for summary judgment forces the nonmoving party to produce evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108. Thus, the nonmovant must present specific facts and may not rely merely upon either the pleadings or unsupported allegations. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, moreover, the Ohio Supreme Court held that to be successful, a moving party need only furnish evidence that demonstrates the opposing party cannot establish the elements necessary to support his or her claim.
In this case, appellant alleged that appellee was responsible for the accident pursuant to the doctrine of respondeatsuperior.
This doctrine recently was considered in Anderson v. Toeppe
(1996), 116 Ohio App.3d 429, the court observing as follows:
 An employer is held liable for the actions of an employee under the doctrine of respondeat superior where the employee's actions are within the scope of his or her employment. Osborne v. Lyles (1992), 63 Ohio St.3d 326, 587 N.E.2d 825; Byrd v. Faber
(1991), 57 Ohio St.3d 56, 565 N.E.2d 584. A " 'servant's conduct is within the scope of his employment if it is of the kind which he is employed to perform, occurs substantially within the authorized limits of time and space, and is actuated, at least in part, by a purpose to serve the master.' " Calhoun v. Middletown Coca-Cola Bottling Co. (2974), 43 Ohio App.2d 10, 13, 332 N.E.2d 73, 76, quoting Prosser, Law of Torts (4 Ed. 1971) 461.
Id., at 436. (Emphasis added.)
In pertinent part, Fazio testified in his deposition as follows:
1) He was hired by appellee in July 1996;
 2) His "job was to keep the used car lot neat and orderly";
 3) Some of his duties included detailing and fueling cars for delivery;
 4) He never used his personal vehicle to complete off-premises "errands" for appellee;
 5) He was permitted to take a "break" from work occasionally during his workday;
 6) If he requested permission from his supervisor, he sometimes was permitted to conduct personal errands while on his "break";
 7) The accident occurred on a work day during his normal work hours;
 8) He did not request permission to conduct his errand prior to leaving appellee's premises;
 9) He left appellee's premises in his own vehicle on his "own personal time" only for the purpose of purchasing a pack of cigarettes for his own personal use; and
 10) Although at the time the accident occurred, he was enroute back to appellee's premises, his supervisors at appellee were unaware of both his departure and his whereabouts.
A review of the foregoing facts reveals reasonable minds could conclude only that Fazio was outside the scope of his employment when the accident occurred. Osborne v. Lyles (1992),63 Ohio St.3d 326, at 330. Fazio's conduct neither occurred within the authorized limits of time and space nor was motivated, even in part, by any purpose to serve appellee. Byrdv. Faber (1991), 57 Ohio St.3d 56; White Oak Coal Co. v. Rivoux
(1913), 88 Ohio St. 8; cf., Posin v. ABC Motor Court Hotel
(1976), 45 Ohio St.2d 271; Rhude v. Ed. G. Koehl, Inc. (1948),85 Ohio App. 223; Ousman v. Dairy Mart Stores (Oct. 20, 1994), Cuyahoga App. No. 67237, unreported.
Since "an employer is not liable for independent self-serving acts of his employees which in no way facilitate or promote his business," the trial court did not err in granting appellee's motion for summary judgment on appellant's claims against it.Byrd v. Faber, supra, at 59.
Accordingly, appellant's assignments of error are overruled. The order of the trial court is affirmed.
This cause is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
 _____________________________________ KENNETH A. ROCCO, JUDGE
 _____________________________________ JAMES D. SWEENEY, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Appellant subsequently dismissed her complaint against Fazio pursuant to Civ.R. 41(A)(1)(a); therefore, Fazio is not a party to this appeal.