OPINION
This is an appeal of the decision of the trial court to grant Appellee's motion for summary judgment in a negligence action. Appellant alleges that Appellee negligently supervised a parolee as part of a house arrest and work-release program, that Appellee is liable for the damage that the parolee caused to two of Appellant's jet skis and that there are disputed issues of material fact making summary judgment inappropriate. For the following reasons we affirm the decision of the trial court.
Appellant, Andy Black, owns a jet ski rental business at Craig Beach, Ohio known as Lake Milton Jet Ski Rental. Appellee, Community Corrections Association, Inc., is a private non-profit corporation providing services to courts in Mahoning County. Thomas L. Parnell is alleged to have been under Appellee's care and control during the prosecution of criminal charges against Parnell. In November, 1996, Parnell appeared before the Mahoning County Court of Common Pleas on a drug abuse charge. Parnell filed a Motion for Treatment in Lieu of Conviction pursuant to R.C.2951.041. The trial court granted the motion, accepting Parnell's guilty plea but deferring adjudication of guilt until the defendant completed a drug treatment program. The trial court found that Parnell was not a repeat or dangerous offender and would be eligible for probation if convicted. The court placed him under the supervision of the Adult Parole Authority for three years, ordered him to complete a drug treatment program through Cocaine Anonymous and ordered him to continue to report to the court.
On March 27, 1997, the court filed a Judgment Entry which ordered that Parnell, "attend and complete the program of the Community Corrections Association." (2/22/99 Motion for Summary Judgment, Exh. F). On April 29, 1997, the trial judge further modified his original order by placing Parnell under house arrest until July 27, 1997, requiring him to continue with Appellee's drug abuse program, ordering him to report to Appellee daily for drug tests, ordering him to continue his current employment and requiring him to be under the supervision of the Adult Parole Authority until November 27, 1998.
At approximately 6:00 p.m. on June 25, 1997, Parnell rented two jet skis from Appellant. The jet skis were damaged during the rental period. There is some question as to whether Parnell may have failed to report to work on June 25, 1997, during the time that he had rented and allegedly damaged the jet skis.
On March 26, 1998, Appellant filed a Complaint in the Mahoning County Court of Common Pleas alleging that Appellee negligently supervised Parnell during his house arrest and work release programs. On January 22, 1999, Appellee filed a motion for summary judgment, arguing that Appellee owed no duty of care to Appellant.
On April 20, 1999, the trial court granted Appellee's motion for summary judgment, finding that Appellant could show no breach of a duty of care by Appellee. The judgment entry stated that there was no just cause for delay as required by Civ.R. 54(B) to make the order final and appealable.
Appellant filed this timely appeal on April 28, 1999. Appellant asserts three assignments of error which state:
 "The trial Court committed prejudicial error by granting summary judgment to Defendant-Appellee when Defendant-Appellee owed to Plaintiff-Appellant a duty of care.
"The Trial Court committed prejudicial error, based on public policy concerns, by granting summary judgment to Defendant-Appellee.
"The Trial Court committed prejudicial error by granting summary judgment to Defendant-Appellee because the issue of whether Defendant-Appellee breached a duty of care owed to Plaintiff-Appellant is a question of fact for the jury."
Although Appellant lists three assignments of error, each presents essentially the same argument based on the supposition that Appellee owed a duty of care to Appellant. Therefore, they will be treated together as one assignment of error.
Appellant contends that the sole proposition set forth in Appellee's motion for summary judgment is that Appellee owed no duty of care to Appellant under common law negligence principles. Appellant concedes that, generally, there is no duty to act affirmatively to aid or protect another person absent some special relation which justifies the imposition of a duty, citing Estatesof Morgan v. Fairfield Family Counseling Ctr. (1997), 77 Ohio St.3d 284,293, and Littleton v. Good Samaritan Hosp. v. HealthCtr., (1988), 39 Ohio St.3d 86, 92.
Appellant argues that there is an exception to the general rule when there is a special relationship between the defendant and the injured party or between the defendant and the third party who has caused the harm, citing Estates of Morgan, supra, at 294. Appellant contends that, "[o]ne who takes a charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm." Restatement of the Law 2d, Torts, (1965), Section 319. Appellant clarifies that in order for a special relation to exist between a defendant and a third person, the defendant must have the ability to control the third person's conduct, citing Estates of Morgan, supra, at 298. Appellant argues that Appellee had sufficient control over Parnell to create a genuine issue for trial. Appellant's argument, here, is unpersuasive.
In reviewing a trial court's decision to grant summary judgment, an appellate court reviews the evidence de novo, but in the same manner as the trial court. Brown v. Scioto Cty. Board ofCommrs. (1993), 87 Ohio App.3d 704, 711. The judgment is reviewed independently without regard to the trial court decision. Id. In order to prevail on a motion for summary judgment, the movant must show that: "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the non-moving party, that conclusion is adverse to the nonmoving party." State ex rel.Spencer v. East Liverpool Planning Com'n. (1997),80 Ohio St.3d 297, 298.
The movant has the initial burden of informing the trial court of the basis for its motion and must identify the parts of the record that tend to show that no genuine issue of material fact exists as to the essential elements of the opposing party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once this initial burden is met, the opposing party has a reciprocal burden to raise specific facts that demonstrate a genuine issue exists for trial. Id. Doubt must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.2d 356[65 Ohio St.3d 356], 358-359.
In order to establish actionable negligence, Appellant needs to show the existence of a duty, a breach of that duty and an injury proximately resulting from the breach. Texler v. D.O.Summers Cleaning Shirt Laundry Co. (1988), 81 Ohio St.3d 677,681. The existence of a duty is fundamental to establishing actionable negligence. Menifee v. Ohio Welding Products, Inc.
(1984), 15 Ohio St.3d 75, 77; Gilbert v. Beagle (June 29, 1999), Columbiana App. No. 98 CO 45, unreported. "The existence of a duty in a negligence action is a question of law for the court to determine." Mussivand v. David (19890), 45 Ohio St.3d 314, 318. There is no formula for ascertaining whether a duty exists, and "`[a]ny number of considerations may justify the imposition of duty in particular circumstances, including the guidance of history, our continually refined concepts of morals and justice, the convenience of the rule, and social judgment as to where the loss should fall.'" Id. at 318, quoting Prosser, Pfalsgraf Revisited (1953), 52 Mich.L.Rev. 1, 15.
Whether a duty exists depends largely on the foreseeability of the injury to one in the plaintiff's position. Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 143. Injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. Mudrich v. Std. Oil Co. (1950),153 Ohio St. 31, 39; Anderson v. Toeppe (1996), 116 Ohio App.3d 429,438.
Foreseeability alone is not always sufficient to establish the existence of a duty. Estates of Morgan, supra,77 Ohio St.3d at 293. The Ohio Supreme Court, "has followed the common-law rule, as set forth at 2 Restatement of the Law 2d, Torts (1965) 116-130, Sections 314 to 319, that there is no duty to act affirmatively for another's aid or protection absent some `special relation' which justifies the imposition of a duty." Id. The special relation may be between the defendant and the plaintiff or between the defendant and a third party. Id. at paragraph one of syllabus. "In order for a special relation to exist between the defendant and the third person, the defendant must have the ability to control the third person's conduct." Id.
For a defendant to be held liable for the criminal acts of a third person (in this case, criminal damaging and a criminal violation of a person subject to a court-ordered drug program in lieu of conviction) a plaintiff must show a totality of circumstances which is "somewhat overwhelming." Doe v. FlairCorp. (1998), 129 Ohio App.3d 739, 752; Feichtner v. Cleveland
(1994), 95 Ohio App.3d 388, 396.
Appellant and Appellee both rely on two judgment entries from the Mahoning County Court of Common Pleas to support their arguments. The November 26, 1996 Judgment Entry establishes that Parnell was not convicted of any crime, but rather, was ordered to complete a drug treatment program in lieu of conviction pursuant to R.C. 2951.04. Nothing in the record could reasonably suggest that Appellee had any actual or constructive knowledge that: (1) Parnell was a violent person; (2) was violating or was likely to violate the terms of his treatment program; or (3) was violating or was likely to violate his work release restrictions. The April 29, 1997 Judgment Entry reveals that Appellee was ordered by the court to provide drug testing and substance abuse classes for Parnell. The parties agree that Parnell was not required to be in the custody of any facility owned or operated by Appellee at the time that Appellant's jet skies were damaged, but rather, that Parnell was under house arrest at the time.
Even assuming that Appellee owed a duty of care to Appellant, the record does not suggest any set of "somewhat overwhelming" facts by which a jury may conclude that Appellee should foresee that Parnell would cause damage to Appellant's jet skis or that Appellee had sufficient control over Parnell to prevent the damage. Appellant failed to produce any plausible evidence on the essential elements of duty, foreseeability and special relationship which were raised by Appellee's motion for summary judgment. This Court has stated that Civ.R. 56(B) requires that a court grant summary judgment, after adequate time for discovery and upon motion, against a party who fails to sufficiently show the existence of the essential elements for which that party will bear the burden of proof at trial. Packer, Thomas Co. v.Eyster (1998), 126 Ohio App.3d 109, 115.
Appellant argues that the instant case is similar to Dudleyv. Offender Aid Restoration (Va. 1991), 401 S.E.2d 878, in which a private halfway house for prisoners was found to owe a duty of care to all persons who might foreseeably come into contact with the prisoners during their hours at large. The Virginia court inferred that the private contractor operating the halfway house knew or should have known of the dangerous propensities of a particular career criminal under its care and control. This criminal had a long string of burglary convictions, a history of violence and for being uncooperative while incarcerated and who also had recorded instances of arson, assaults and attempted homosexual rape. Id. at 880. The court distinguished the responsibility of the owner of a halfway house with that of a parole officer. Id. at 881. The court determined that a parole officer normally has limited supervisory authority over parolees, whereas a halfway house is more like actual incarceration, with stringent security measures and sign-out procedures. Id. The court concluded that the halfway house had sufficient control over its inmates to impose liability under Restatement of the Law, Torts (1965), Section 319.
The arguments raised by Appellant analogizing Appellee's duties to those of the halfway house in Dudley are unpersuasive. Parnell had not yet been convicted of any crime, was not completing any term of incarceration and was not a repeat or violent offender. Appellee did not voluntarily take Parnell under its care, but was ordered by the court to do drug testing and to offer Parnell an opportunity to participate in its drug treatment program. In the few cases where halfway houses have been found liable to third parties for negligent supervision of inmates, these cases shared similar factors, among which are that: (1) the halfway house voluntarily took charge of an inmate still serving a sentence of incarceration; (2) the halfway house was a custodial institution with strict rules for inmates leaving the facility; (3) the halfway house had broad power to control the inmate; and (4) the halfway house had notice of the inmate's propensity to commit the type of harm which the third party sustained. Annotation, Liability of Private Operation of "Halfway House" or Group Home Housing Convicted Prisoners Before Final Release for Injury to Third Person Caused by Inmate (1993), 9 A.L.R. 5th 969. None of the forementioned factors apply to the facts of the instant case.
Appellant's brief acknowledges the difference between the control a parole officer has over a parolee and the control that a halfway house has over an inmate. Appellee's ability to control Parnell was much more akin to that of a parole or probation officer. Probation officers typically are not held liable to third parties for the acts of their probationers because: 1) they do not have custody of the probationer, 2) they are ordered by the court to perform their functions, 3) the probationer is free from incarceration due to a court order and 4) their level of control over the probationer is strictly limited. Annotation, Probation Officer's Liability for Negligent Supervision of Probationer (1986), 44 A.L.R. 4th 638.
For all the foregoing reasons, the April 20, 1999, decision of the trial court to grant Appellee's motion for summary judgment is hereby affirmed.
COX, P.J., DONOFRIO, J., concurs.