SCHULMAN, APPELLEE, *v.* CITY OF CLEVELAND, APPELLANT, ET AL.

[Cite as Schulman v. Cleveland (1972), 30 Ohio St. 2d 196.]

(No. 71-294—Decided May 24, 1972.)

Mr. *Clarence L. James, Jr.*, director of law, and *Mr. Paul J. Brady*, for appellant.

Messrs. *Schulman & Schulman* and *Mr. Jack M. Schulman*, for appellee.

*Per Curiam.* The question of whether Donald J. Guittar acted within the scope of his employment as an employee and agent of the city is prefatory to any consideration of governmental immunity in this matter. As we stated in *Rogers* v. *Allis-Chalmers Mfg. Co.* (1950), 153 Ohio St. 513, 526, 92 N. E. 2d 677:

"In order to obligate a master to respond in damages for the negligence of a servant it is necessary * * * that the servant be acting within the scope of his employment * * *." See, also, *Little Miami Rd. Co.* v. *Wetmore* (1869), 19 Ohio St. 110, and *Higbee Co.* v. *Jackson* (1920), 101 Ohio St. 75, 128 N. E. 61.

We are unable to discern any grant of authority in either the Revised Code or the Cleveland Municipal Charter which allows an assistant law director to gratify his personal resentments, either in the form of a physical assault or a lawsuit arising therefrom, while engaged in the execution of his appointed tasks.

As to the claim for damages against the city arising out of the alleged attack upon Schulman by Guittar, our statement in *Vrabel* v. *Acri* (1952), 156 Ohio St. 467, 474, 103 N. E. 2d 564, is dispositive:

"* * * an intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefore." See, again, *Little Miami Rd. Co.* v. *Wetmore, supra.* Likewise, Guittar's triggering of the criminal proceedings against Schulman, which forms the basis of the malicious prosecution charge in the instant case, cannot be considered more than a vehicle chosen by Guittar to vent a personal grievance.

While it is true that a demurrer (now motion to dismiss) technically admits certain allegations in a petition (now complaint), it is also well established that unsupported conclusions of the complainant are not so admitted.

The trial court's judgment sustaining the demurrer was correct. Therefore, the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

*Judgment reversed.*

O'Neill, C. J., Schneider, Herbert, Corrigan, Stern, Leach and Brown, JJ., concur.