BENNETT *v.* BROWN ET AL.

[Cite as Bennett v. Brown (1974), 41 Ohio Misc. 91.]

(No. 389129—Decided September 11, 1974.)

Franklin County Municipal Court.

*Mr. Victor I. Smedstad,* for plaintiff.
*Mr. James M. Wiles,* for defendants.

FAIS, C. J. This is a decision on a motion to dismiss filed by defendant, Auto-Owners Mutual Insurance Company.

Auto-Owners was joined as a defendant herein with three other parties, and said defendant corporation has filed a motion to dismiss based upon the allegations in the complaint. It should also be noted, at the outset, that this defendant filed an answer to the plaintiff's complaint simultaneously with its motion.

The complaint alleges that Auto-Owners insured defendants, Ohio Motor Pool, Inc. and Willie Maya, under the terms of an automobile liability insurance policy. Defendant, Maya, according to the complaint, was employed by Motor Pool. The allegations of the complaint further assert that the fourth defendant, Rufus Brown, acting as an agent of Motor Pool and Maya, negligently operated an automobile with resulting damages to plaintiff's vehicle.

Auto-Owners' motion is supported by a memorandum which sets forth the legal limitation prohibiting a direct action being filed against a liability insurance carrier without a judgment first being secured against the insured. See R. C. 3929.06 as follows:

"Upon the recovery of a final judgment against any firm, person, or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, for loss or damage to tangible or intangible property of any person, firm, or corporation, for loss or damage on account of loss or damage to tangible or intangible property of any person, firm, or corporation, or for loss or damage to a person on account of bodily injury to his wife or minor child or children, if the defendant in such action was insured against loss or damage at the time when the rights of action arose, the judgment creditor or his successor in interest is entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment. If the judgment is not satisfied within thirty days after it is rendered, the judgment creditor or his successor in interest, to reach and apply the insurance money to the satisfaction of the judgment, may file a supplemental petition in the action in which said judgment was rendered, in which the insurer is made new party defendant in said action, and whereon service of summons upon the insurer shall be made and returned as in the commencement of an action at law. Thereafter the action shall proceed as to the insurer as in the original action."

Also, the court's attention is directed to 30 Ohio Jurisprudence 2d 998, Insurance, Section 1095.

"Generally—As a general rule, and in the absence of a contractual or statutory provision in such respect, there is no privity between an injured person and a liability insurer, and the former has no right of action at law against the latter. However, by statute in Ohio an insured person who has recovered judgment may, in accordance with the terms of the statute, bring an action against the judgment debtor's liability insurer."

Counsel for Auto-Owners also cites *Chitlik* v. *Allstate Ins. Co.* (1973), 34 Ohio App. 2d 193, at page 197, as follows:

"We are of the opinion that in the absence of statute

or special provision in the policy, a standard liability insurance policy is not a contract for the benefit of a third person. The contract is made with the intention of benefiting the insured, not someone whom he injures.

"* * *

"We therefore hold that personal injury actions must be brought by the injured party against the alleged tortfeasor. He is the one whose wrongdoing is alleged to have caused the injury, and if the facts are found as alleged, he will be primarily liable. Further, the policy of excluding any reference to the existance of insurance in an action to determine liability for personal injury would be circumvented by permitting the injured person to sue the insurance company and could constitute a prejudicial or harmful effect against the insurer."

In plaintiff's memorandum he agrees with the decision in *Chitlik*, but plaintiff says his claim is asserted against Auto-Owners strictly and solely on contract. In other words, plaintiff says that Auto-Owners promised to settle the claim if the plaintiff delivered his automobile and his estimates on damages to said defendant. Plaintiff in his memorandum says that Auto-Owners made the offer and plaintiff accepted the offer by full performance. Plaintiff's memorandum states that he is pleading "a normal contract action filed by a promisee who has performed against a promisor who has breached."

The question presented to this court is whether a motion to dismiss can be entertained by the court at this time, recognizing that R. C. 3929.06 and the decision in *Chitlik* express the correct state of the Ohio law.

The procedural question raised here was under consideration in *Schulman* v. *Cleveland* (1972), 30 Ohio St. 2d 196. In order to relate the instant case to the holding in the *Schulman* case, the plaintiff's complaint must be considered, and the only allegations in the complaint referring to liability of Auto-Owners are paragraphs 8, 9 and 10, as follows:

"8. On or about May 13, 1974, plaintiff was referred to Auto-Owners by Motor Pool for the purpose of being

compensated for the loss referred to in paragraph 7.

"9. Auto-Owners was legally obliged to pay to plaintiff the loss referred to in paragraph 7.

"10. Auto-Owners in willful disregard of the rights of plaintiff has failed and refused to pay the loss referred to in paragraph 7."

In the *Schulman* case, the court considered the defendant's demurrer a proper pleading to the plaintiff's complaint inasmuch as facts were stated in the complaint. The trial court had sustained the demurrer and the Supreme Court upheld the trial court. The court observed that a demurrer and a motion to dismiss are for practical purposes the same, and they effect the same result. Furthermore, the court held that a motion to dismiss technically admits certain allegations in a complaint, but unsupported conclusions of the complaint are not so admitted. The court said at page 198:

"While it is true that a demurrer (now motion to dismiss) technically admits certain allegations in a petition (now complaint), it is also well established that unsupported conclusions of the complainant are not so admitted."

McCormac's Ohio Civil Rules Practice, 1973 Supplement, Chapter 6, Section 6.20, pages 37 and 38, commenting on the *Schulman* decision, cautions:

"* * * This decision should be applied with care on the following basis. If no facts are alleged in the complaint but only 'unsupported conclusions' as is completely proper under the Civil Rules, the complaint is clearly not subject to a motion to dismiss for failure to state a claim. In that instance it would be necessary to use summary judgment to show that the facts do not warrant the conclusion alleged in the complaint. * * *"

In the instant case, the plaintiff's complaint alleges only conclusions in paragraphs 8, 9 and 10. There are no facts stated which this court can consider in ruling upon the motion to dismiss. Therefore, consistent with the *Schulman* decision, this court holds that plaintiff's complaint is not subject to a motion to dismiss by Auto-Owners.

However, this finding does not rule out nor preclude the possibility of a summary judgment nor a motion for judgment on the pleadings at a subsequent stage in the proceedings.

The motion of defendant, Auto-Owners, is, accordingly, overruled.

*Motion to dismiss overruled.*