**ANDERSON et al., Appellants,**

**v.**

**TOEPPE; Holiday Inn Perrysburg, Appellee.**

[Cite as *Anderson v. Toeppe* (1996), 116 Ohio App.3d 429.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L-96-039.

Decided Dec. 6, 1996.

*John D. Franklin,* for appellants.

*Brant E. Poling,* for appellee.

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted the motion for summary judgment of appellee Holiday Inn Perrysburg and dismissed the complaint of appellants Candace Anderson, William Crum, and Edward Curry for damages arising out of a letter written by appellee's employee, Sandy Toeppe, to Nationwide Insurance Company.

On appeal, appellants set forth the following assignment of error:

"A.   The trial court below abused its discretion in granting defendant-appellee's motion for summary judgment because the trial court erred in determining that Toeppe's actions were not done within her scope of employment.

"B.   The trial court incorrectly determined that Holiday Inn could not have foreseen Toeppe's use of confidential information to plaintiffs' detriment."

The undisputed facts that are relevant to the issues raised on appeal are as follows.   On May 3, 1994, William Crum, the Ohio Regional Sales Manager for Nationwide Insurance Company, Candace Anderson, an agency manager for Nationwide in Columbus, and Edward Curry, a representative of Target Marketing Management Consultants, Inc. in Columbus, Ohio, traveled together from

Columbus to Perrysburg for a seminar to be conducted by Curry for Nationwide the following day. Upon arrival at the Holiday Inn Perrysburg, they checked in at the front desk where defendant Sandy Toeppe was on duty. After registering, they viewed the room where the seminar was to take place and then retired for the night to their separate rooms. They checked out the next day and left the Holiday Inn at the conclusion of the seminar. On May 16, 1994, Toeppe wrote a letter to Nationwide in which she stated that at the time Crum, Anderson, and Curry checked into the Holiday Inn on May 3, 1994, they had been drinking and were poor representatives of the company.

On January 6, 1995, appellants filed the complaint herein against Toeppe and appellee Holiday Inn in which they alleged that they had been injured by Toeppe's letter and sought damages through claims of (1) "defamation-libel"; (2) negligent and/or intentional infliction of emotional distress; (3) "Respondeat Superior" as to Holiday Inn for the "tortious acts" of its employee Sandy Toeppe; (4) invasion of privacy; (5) negligent hiring, supervising, and/or retaining of Toeppe by Holiday Inn; (6) breach of an implied contract that they would not be exposed to damaging conduct by Holiday Inn or its employees; and (7) interference with their employment relationship with Nationwide. The complaint sought compensatory and punitive damages in the amount of $50,000 for each claim of each appellant.

On February 6, 1995, appellee [1] filed its answer to the complaint in which it denied that any negligent and/or intentional acts by it caused injury to appellants and asserted the following defenses: (1) that plaintiffs' complaint fails to state a claim upon which relief can be granted against Holiday Inn, (2) that all statements made by defendant Toeppe concerning appellants are true, and (3) that any and all damages sustained by appellants were solely and proximately caused by the independent actions and/or conduct of defendant Toeppe.

On November 16, 1995, appellee filed a motion for summary judgment and a memorandum in support thereof in which it argued that it was entitled to judgment as a matter of law because defendant Toeppe was not acting within the scope of her employment when she wrote the letter to Nationwide and that it had no duty to foresee that defendant Toeppe would write to Nationwide using information obtained while she was employed at Holiday Inn.

Appellee attached to its memorandum the depositions of Toeppe, Carol Sattler, and Dan Douglas. In her deposition, Toeppe stated that when working at the front desk her duties were to greet and check guests in and out and that her only training as to confidentiality was being instructed not to give out guest's room

---

1. This appeal is from the summary judgment granted to appellee Holiday Inn. Appellants' claims against Sandy Toeppe remain pending in the trial court.

numbers. As to the night of May 3, 1994, Toeppe stated that around 10:00 p.m., she saw a woman and two men get out of a car and enter the hotel together. She testified that when they checked in they registered under Nationwide's name and that the smell of alcohol was present on the breath or clothing of all three. She stated that after they checked in and left the front desk, she copied their names from the registration card. She stated that the following morning, May 4, she discussed the matter of writing a letter to Nationwide with a fellow desk clerk who encouraged her to do so. Toeppe testified that on May 6, 1994, she resigned from her job with appellee for financial reasons and that when she left she took appellants' names with her. She stated that sometime around the middle of May she called information to get Nationwide's address and that on May 16, 1994 she mailed the letter in which she wrote:

"About two weeks ago while I was working at the Holiday Inn French Quarter in Perrysburg, Ohio, three of your staff checked in during my shift. It was around 10:00 p.m. when they registered. It was obvious that all three of them had been drinking because the smell of alcohol was overwhelming on all of them just from being across the desk having them sign their guest registration. They arrived together in the same car so I am not sure which one was driving. It did not matter, any one of them would be considered over the level. This was a fine advertisement for automobile insurance. Three of the promoters in this field drinking and driving. What a wonderful way for these people to represent the automobile insurance industry. The three were Candace Anderson, E. Curry and William Crum. They were here for a seminar being held in the motel the next day.

" * * *

"As a past president of Mothers Against Drunk Driving, this was especially appalling. Part of the reason the rates are so high and the death toll is so high is because of drinking and driving. Maybe they thought they could handle it and they were lucky this time. But what about the next time.

" * * *

"Thank you for taking the time to read this and I hope I do not see the situation again."

Toeppe stated that she wrote the letter "because of the smell of alcohol and the fact that, yes, that they did work for Nationwide Insurance" and that she "hoped that these three people would be talked to and asked not to present this appearance again." On cross-examination, Toeppe stated that no one at Holiday Inn asked her to write the letter to Nationwide; she wrote the letter based solely on what she believed was a "moral obligation"; and, to her knowledge, no benefit was rendered to Holiday Inn by her writing the letter. She also stated that the

letter was not written during the time she was employed at Holiday Inn and that when she wrote the letter, Holiday Inn did not have any supervisory control over her.

In her deposition, Carol Sattler, the Guest Service Manager at Holiday Inn, testified that during the check-in procedure the guest's name, address, phone number, business name and phone number, license plate number, and year, make, and model of car are all routinely gathered information. She stated that while no specific training was provided to Holiday Inn employees as to the importance of confidentiality, she feels it is common sense that information given at check-in is "privileged." She testified that she believed it was not detrimental to the guests of Holiday Inn to have a past president of Mother's Against Drunk Driving ("MADD") as an employee and that the outside activities of an employee are not important in the hiring process. She stated further that a front desk clerk is not to take any action as to a guest who has been drinking unless the guest is causing a scene or is in distress. Although Holiday Inn personnel are to step in and ask questions if they "see someone slurring their speech and maybe stumbling headed out to the parking lot," no steps are to be taken if they suspect that a guest who is entering the hotel is intoxicated.

In his deposition, Dan Douglas, the Supervising Manager of Holiday Inn, testified that no security report was ever filled out as to the three appellants and that there is a work rule indicating that if employees disseminate confidential information, they are subject to immediate termination.

On December 14, 1995, appellants filed a "Motion and Memorandum in Opposition to Summary Judgment." In support of its arguments therein, appellants relied on the depositions of Anderson, Crum, Curry, and Dan Douglas.

In her deposition, Anderson testified that she first heard about Toeppe's letter in July 1994 while she was in the hospital recovering from surgery and stated that she immediately became emotionally distraught and began vomiting. Anderson stated that, in response to Toeppe's letter, Nationwide implemented an agent realignment plan in which she lost eight of her agents, resulting in a $60,000 reduction of income.

In his deposition, Curry testified that Toeppe's letter caused him injury in the form of embarrassment, mental anguish, loss of reputation, and loss of self-esteem. He stated further that, as a result of the letter, in the prior two months Nationwide had cancelled four seminars that had been scheduled with him. Curry testified that the allegations in Toeppe's letter were false, as is evidenced by the fact that he is a diabetic and does not drink alcohol due to the strong reaction it has with his prescribed medication. Curry stated that he believes Holiday Inn did not properly interview Toeppe because it was unaware of her

past involvement with MADD and that had it known this she should have been screened and given certain instructions on how to deal with the public.

In his deposition, Crum testified that Toeppe's allegations were false and that as a result of Toeppe's letter he was denied a promotion from sales manager to market manager. He stated that he was under the impression that he would have been the next market manager for the Columbus area and felt his qualifications were greater than any of the other three regional sales managers who had been promoted to market manager positions. He testified that he was told by Dan Douglas that "Holiday Inn goes to great lengths to train their staff, there is complete privacy and that they are supposed to protect our rights * * *. We train our staff that confidentiality and privacy are very important," and that he was also told that Toeppe was a "problem employee."

In his deposition, Dan Douglas, Supervising Manager of Holiday Inn, stated that a guest's address and employer's name are considered confidential information and an employee's subsequent use of such information would result in immediate termination.

On December 21, 1995, appellee filed a reply memorandum in which it reasserted the arguments set forth in the memorandum in support of its motion for summary judgment. On December 28, 1995, the trial court filed a judgment entry in which it found that (a) "reasonable minds could only conclude that Toeppe was not within the scope of her employment in writing the allegedly defamatory letter" and (b) "the Court does not find that these facts are sufficient to raise a genuine issue of material fact that [appellee] negligently breached its duty in hiring or supervising Toeppe," and granted appellee's motion for summary judgment. On January 25, 1996, appellants filed a timely notice of appeal.

In their sole assignment of error, appellants assert that the trial court erred in granting summary judgment to Holiday Inn and set forth the two-part argument that (a) "defendant Toeppe was acting within the scope of her employment throughout the circumstances surrounding her defamatory actions; Holiday Inn is therefore liable under the doctrine of respondeat superior," and (b) "defendant [appellee], Holiday Inn, had a duty to foresee that defendant, Toeppe, could use confidential information gained in the course of her employment to the detriment of plaintiffs."

In reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199–200. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment pursuant to Civ.R. 56(C) bears the

burden of delineating which areas of the opponent's claim raise no genuine issue of material fact. The moving party may support its assertions "by affidavits or otherwise as allowed by Civ.R. 56(C)." *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Once the moving party meets its burden, the nonmoving party must produce evidence on the issue or issues identified by the movant for which it bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

In support of their first argument which is based on the doctrine of respondeat superior and goes to all but their negligent hiring claim, appellants assert: (a) the general rule mandates that the scope of employment issues are to be decided by the trier of fact; (b) Toeppe was acting within the scope of her employment when she checked plaintiffs into the hotel, received their names and employment information, and made an observation as to whether they were intoxicated; (c) "Toeppe was never instructed by Holiday Inn on the importance of safeguarding information and took no safeguards which could ensure that confidential information would not be disseminated"; (d) Toeppe did not state in her letter her disassociation with Holiday Inn; and (e) a question of fact is therefore raised as to whether "Toeppe wrote the letter so that Holiday Inn could curry some favor with Nationwide."

Appellee responds that "Defendant Toeppe did not act within the scope of her employment and, hence, Holiday Inn Perrysburg is not liable as a matter of law and thus, the trial court's decision must be affirmed." Appellee argues that the elements of the doctrine of respondeat superior have not been satisfied because (a) Toeppe was not employed with Holiday Inn at the time she wrote the allegedly defamatory letter, (b) the information she obtained at Holiday Inn was used to satisfy her own moral obligation, and (c) no benefit was rendered to Holiday Inn because of the letter.

An employer is held liable for the actions of an employee under the doctrine of respondeat superior where the employee's actions are within the scope of his or her employment. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825; *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584. A " 'servant's conduct is within the scope of his employment if it is of the kind which he is employed to perform, occurs substantially within the authorized limits of time and space, and is actuated, at least in part, by a purpose to serve the master.' " *Calhoun v. Middletown Coca-Cola Bottling Co.* (1974), 43 Ohio App.2d 10, 13, 332 N.E.2d 73, 76, quoting Prosser, Law of Torts (4 Ed. 1971) 461.

An " 'intentional and willful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear

departure from employment and his principal or employer is not responsible therefor.'" *Byrd, supra,* at 59, 565 N.E.2d at 587, quoting *Schulman v. Cleveland* (1972), 30 Ohio St.2d 196, 59 O.O.2d 196, 283 N.E.2d 175. An employer is not liable for independent acts of employees that in no way facilitate or promote the employer's business. *Id.*

■ Under this argument in support of appellants' assignment of error, the issue before this court is whether Toeppe's act in writing the letter to Nationwide was within the scope of her employment as a front desk employee at the Holiday Inn. In applying the foregoing principles of respondeat superior to the evidence that was before the trial court and as summarized above, this court finds that there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of appellants, reasonable minds can only conclude that when Toeppe wrote the letter to Nationwide she was not acting within the scope of her employment and, therefore, appellee is entitled to judgment as a matter of law on those claims that are based on the doctrine of respondeat superior.

In support of their claim that Holiday Inn was negligent in hiring and supervising Toeppe based on Holiday Inn's alleged breach of its "duty to foresee" Toeppe's use of confidential information, appellants argue that (a) in his deposition, Dan Douglas stated that it is important that "confidential information given to the Holiday Inn is not disseminated outside the Holiday Inn," (b) the Holiday Inn does not give any training on the importance of protecting confidential information, and (c) the "injury [sustained by appellants] was a natural and probable consequence of Holiday Inn's negligent act (the non-protection of confidential information.)."

Appellee responds that "appellants failed to create a genuine issue of material fact that defendant Holiday Inn negligently hired or supervised Ms. Toeppe and thus, the trial court's judgment must be affirmed as a matter of law." In support thereof, appellee asserts that (a) "Holiday Inn could not have foreseen [that] Ms. Toeppe would write to Nationwide and, thus, it had no duty or ability to prevent the same," (b) "Plaintiffs [appellants] can submit no evidence that taking or obtaining information proximately caused the alleged injuries," (c) in her deposition, Carol Sattler stated that she "had not heard of any employee ever using the hotel's confidential information for the purpose of writing to a guest's employer," and (d) "appellants presented no evidence to support a cause of action for negligent hiring."

■ Generally, under a claim based on negligence a plaintiff must prove (1) existence of a duty, (2) breach of that duty, (3) injury, and (4) proximate cause. *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d

532. Whether a duty exists depends on the foreseeability of injury. *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. Injury is foreseeable if a defendant knew or should have known that his act was likely to result in harm to someone. *Mudrich v. Std. Oil Co.* (1950), 153 Ohio St. 31, 39, 41 O.O. 117, 121, 90 N.E.2d 859, 863–864. Foreseeability is determined by whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or non-performance of the act. *Menifee, supra,* at 77, 15 OBR at 180–181, 472 N.E.2d at 710.

▮ To recover under a claim based on negligent hiring a plaintiff must prove:

" * * * (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." *Ruta v. Breckenridge–Remy Co.* (Dec. 12, 1980), Erie App. No. E–80–039, unreported, citing 2 American Jurisprudence Proof of Facts 2d 615, Lack of Care in Hiring, Section 2.

▮ Upon consideration of the evidence that was before the trial court and as summarized above, and the law, this court finds that appellants did not present evidence that is sufficient to raise a genuine issue as to any fact that is material to its negligent hiring claim and, when construing the evidence that was before the trial court most strongly in favor of appellants, reasonable minds can only conclude that (1) Holiday Inn did not have actual or constructive knowledge of incompetence on the part of Toeppe, (2) it was not forseeable that Toeppe would use confidential information to communicate with appellants' employer, and (3) appellee is entitled to judgment as a matter of law.

On consideration whereof, this court finds further that appellants' sole assignment of error is not well taken, substantial justice has been done the parties complaining, and the judgment of the trial court is hereby affirmed. Costs to be paid by appellants.

*Judgment affirmed.*

GLASSER and SHERCK, JJ., concur.