OPINION
Plaintiff-appellant, Jane Doe, the mother and natural guardian of Mary Doe, a minor child ("appellant"), appeals from the judgment entered in the Richland County Court of Common Pleas dismissing as party defendants, appellees Troy and Jackie Thompson ("appellees"), pursuant to Civ.R. 12(B)(6). Appellant assigns as error:
 ASSIGNMENT OF ERROR: THE TRIAL COURT COMMITTED SUBSTANTIAL ERROR PREJUDICIAL TO THE RIGHTS OF THE PLAINTIFF-APPELLANT IN GRANTING DEFENDANT APPELLEES THOMPSONS' MOTION TO DISMISS.
On May 10, 1999, appellant filed an Amended Complaint in the Richland County Court of Common Pleas alleging, inter alia, that appellees were involved in the fraudulent transfer of certain property. Appellees subsequently filed a Motion to Dismiss claiming that venue was improper in Richland County and/or that appellant failed to state a claim upon which relief could be granted under Civ.R. 12(B)(6). The trial court, without commenting on the venue issue, granted appellees' Motion to Dismiss under Civ.R. 12(B)(6) by judgment entered September 27, 1999. In the judgment dismissing appellant's claims against appellees, the court specifically made findings of fact that appellees "were not aware of any cloud on the title nor did the title company search show any cloud" and that appellees were "bonafide purchasers in good faith." As such, the court concluded that appellees were not involved in the fraudulent transfer of the property at issue. The trial court erred in making these factual determinations. In resolving a Civ.R. 12(B)(6) case, a court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into a motion for summary judgment pursuant to Civ.R. 56. State ex rel., Baran v. Fuerst (1990), 55 Ohio St.3d 94, 97. Thus, an appellate court may not assume as true or even consider facts alleged in a party's brief or attachments to that brief. Phung v. Waste Management, Inc. (1986), 23 Ohio St.3d 100, 102, overruled on other grounds, Kulch v. Structural Fibers, Inc. (1986), 78 Ohio St.3d 134, 157. In determining a motion to dismiss brought under Civ.R. 12(B)(6), a court must presume all factual allegations in the complaint are true and must make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1989), 40 Ohio St.3d 190,192. Thus, in order to grant the motion to dismiss, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to recover. O'Brien v. University Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242,245. Additionally, while a court is required to accept as true the allegations in the complaint, it need not presume the truth of conclusions unsupported by factual allegations. Schulman v. City of Cleveland (1972), 30 Ohio St.2d 196, 198. In the instant matter, appellant has raised sufficient factual allegations in her Complaint to support a claim against appellees that they were involved in a fraudulent transfer. As such, the trial court erred in making factual determinations to the contrary when ruling upon appellees' motion filed pursuant to Civ.R. 12(B)(6).
Accordingly, we hereby reverse the judgment entered in the Richland County Court of Common Pleas dismissing appellees from the instant action, and remand this matter for further proceedings accordingly to law.
GWIN, P.J. and WISE, J. CONCUR.