JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants Robert and Zoe McIntyre appeal from the dismissal of their complaint against appellees-defendants Nancy Rice, Byrne, Rice Turner, Inc., (collectively referred to as "the Rice defendants") and CNA Insurance Group by the Cuyahoga County Court of Common Pleas for want of jurisdiction. For the following reasons, we affirm in part, reverse in part, and remand. The record before us reveals the following: Nancy Rice ("Rice") is a resident of Louisiana. Byrne, Rice Turner, Inc. ("BRT Inc.") is a Louisiana corporate entity. On June 16, 1999, Rice and Zoe McIntrye, an Ohio resident who attended school in Louisiana, were involved in a motor vehicle accident in New Orleans, Louisiana.
 {¶ 2} On June 15, 2001, plaintiffs filed a complaint for personal injuries and property damage in the Cuyahoga County Court of Common Pleas. Both Rice and BRT, Inc. were named as defendants. Plaintiffs' cause of action against the defendants alleged that Rice, while in the course and scope of her employment with BRT, Inc., negligently operated her vehicle and caused the accident with the vehicle driven by Zoe.
 {¶ 3} On July 27, 2001, Rice and BRT, Inc. filed a motion to dismiss on the grounds that the Ohio court lacked jurisdiction over the subject matter of the complaint.
 {¶ 4} On September 5, 2001, plaintiffs filed an amended complaint adding CNA Insurance Group ("CNA") as a new-party defendant. CNA is a Louisiana corporate entity and insured both Rice and BRT, Inc. Plaintiffs' claim against CNA is premised solely on the allegation that CNA's efforts to settle their claims arising from the accident were undertaken fraudulently.
 {¶ 5} On October 16, 2001, the Rice defendants filed another motion to dismiss the amended complaint for lack of personal jurisdiction. On November 6, 2001, the CNA defendants filed a motion to dismiss the amended complaint for lack of jurisdiction and/or failure to state a claim upon which relief could be granted. On May 2, 2002, the trial court granted both motions to dismiss. Specifically, the trial court found that it lacked jurisdiction over the plaintiffs' claims. Plaintiffs now appeal from that judgment and raise one assignment of error for our review.
 {¶ 6} "I. The trial court erred in holding that appellants have failed to establish the elements of jurisdiction."
 {¶ 7} In their sole assignment of error, plaintiffs claim that the trial court erred in granting the defendants' motions to dismiss. The Rice defendants maintain that the suit was properly dismissed for lack of in personam jurisdiction pursuant to Civ.R. 12(B)(2). CNA maintains that the suit was properly dismissed for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1) and/or failure to state a claim pursuant to Civ.R. 12(B)(6). The issue here is whether the trial court properly granted the defendants' motions to dismiss.
 {¶ 8} When ruling on a motion to dismiss pursuant to Civ.R.12(B)(2), the trial court is required to view the allegations in the pleadings and documentary evidence in the light most favorable to the plaintiff, resolving all reasonable competing inferences in his or her favor. Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, 236. Whether a trial court has personal jurisdiction over a defendant is a matter of law which appellate courts review de novo. In determining whether an Ohio court has personal jurisdiction over a nonresident defendant, the trial court must first determine whether Ohio's "long-arm" statute and applicable rule of civil procedure confer personal jurisdiction. If, and only if, the long-arm statute applies, then exercising jurisdiction must not violate the defendant's Fourteenth Amendment right to due process.U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.
(1994), 68 Ohio St.3d 181, 183-184; Clark v. Connor (1998),82 Ohio St.3d 309.
 {¶ 9} R.C. 2307.382, Ohio's long-arm statute, provides in relevant part:
 {¶ 10} "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 {¶ 11} "(1) Transacting any business in this state."
 {¶ 12} When ruling on a motion to dismiss pursuant to Civ.R.12(B)(1), the relevant issue is whether the plaintiff has alleged any cause of action that the court has authority to decide. Shockey v.Fouty (1995), 106 Ohio App.3d 420, 423. Whether a trial court has personal jurisdiction over a defendant is a matter of law which appellate courts review de novo.
 {¶ 13} Finally, when ruling on a motion to dismiss pursuant to Civ.R.12(B)(6), the trial court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. However, it need not presume the truth of conclusions unsupported by factual allegations. Schulman v. City ofCleveland (1972), 30 Ohio St.2d 196, 198.
 {¶ 14} Dismissal, pursuant to Civ.R. 12(B)(6), is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Yorkv. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint and, as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285.
 {¶ 15} When reviewing a complaint under Civ.R. 12(B)(6), a plaintiff must concisely set forth operative facts sufficient to give "fair notice of the nature of the action." DeVore v. Mut. of Omaha
(1972), 32 Ohio App.2d 36, 38. A plaintiff is not required to allege every fact in her complaint that she intends to prove, as such facts may not be available until after discovery is conducted. York v. Ohio StateHighway Patrol (1991), 60 Ohio St.3d 143, 144-145. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be on the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. Fancher v. Fancher
(1982), 8 Ohio App.3d 79, 83.
 {¶ 16} With these principles in mind, we proceed to consider whether the trial court properly dismissed the actions against the defendants.
 A. The Rice Defendants {¶ 17} The underlying facts of this case are not in dispute. The automobile accident occurred in Louisiana. Defendant Nancy Rice is a resident of Louisiana. Defendant BRT, Inc. is a Louisiana company. Indeed, plaintiff Zoe McIntyre was residing in Louisiana at the time of the accident. There are simply no facts from which it can be inferred that the Rice defendants had any contacts, let alone sufficient contacts, with Ohio to satisfy the long-arm statute. Thus, the trial court did not err in finding that personal jurisdiction could not be asserted over the Rice defendants. Accordingly, plaintiffs' complaint against the Rice defendants was properly dismissed pursuant to Civ.R.12(B)(2).
 B. CNA Insurance Group {¶ 18} Plaintiffs' allegations against CNA of promissory estoppel and fraudulent misrepresentation arise out of CNA's efforts to settle the claims between Nancy Rice and Zoe McIntyre. Specifically, plaintiffs allege that "CNA's director repeatedly contacted plaintiff Robert McIntyre in his Cleveland, Ohio office and made unconditional representations that CNA would pay all of [plaintiffs'] claims." Plaintiffs also allege that they suffered damages as a result of CNA's fraudulent misrepresentations and bad faith.
 {¶ 19} In order to prove a case of promissory estoppel under Ohio law, plaintiffs must demonstrate the following: (1) a clear, unambiguous promise; (2) reliance upon the promise by the person to whom the promise is made; (3) the reliance is reasonable and foreseeable; and (4) the person claiming reliance is injured as a result of reliance on the promise.
 {¶ 20} To prove fraudulent misrepresentation, plaintiffs must establish each of the following elements: (1) a representation of fact; (2) which is material; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation; and (6) a resulting injury proximately caused by the reliance. Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69.
 {¶ 21} Here, plaintiffs' complaint specifies the allegedly false statements, including the time and place that the statements were made, and identifies the person who made the statements. Thus, on its face, plaintiffs' complaint is sufficient to withstand CNA's motion to dismiss. Although plaintiffs also state that the parties merely entered into "preliminary offers to settle [their] personal injury claims," such a statement was made in plaintiffs' brief in opposition to the motion to dismiss, which was beyond the pleadings. In a Civ.R.12(B)(6) motion, the trial court can only look to the pleadings to make its determination.Celeste v. Piston (2003), 151 Ohio App.3d 554, 560. Therefore, any admission made by plaintiffs in a post-pleading memorandum cannot be considered by the trial court or this Court. Id.[1]
 {¶ 22} Next, this Court must determine if CNA had sufficient contacts within the State of Ohio to confer jurisdiction to these courts. Here, CNA's director called plaintiff in his Cleveland office. Accordingly, CNA transacted business here. In addition, CNA does business nationwide, including in Ohio. Finally, if the allegations in plaintiffs' complaint are viewed as true, CNA's fraudulent promises caused tortious injury to plaintiffs by depriving them of compensation they were entitled to. Since plaintiffs reside in Ohio and received these assurances while in Ohio, CNA's communications provide sufficient contacts within this state to confer jurisdiction.
 {¶ 23} Based on the foregoing analysis, plaintiffs' assignment of error is meritorious to the extent indicated. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings on plaintiffs' claims against CNA.
TIMOTHY E. McMONAGLE, A.J., and DIANE KARPINSKI, J., CONCUR.
[1] However, such may not be the case had this been a motion for summary judgment where materials outside the pleadings could be considered in appropriately determining this issue.