[Cite as *Poland v. Ohio Parole Bd.*, 2023-Ohio-694.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


KENNETH POLAND

     Plaintiff-Appellant

-vs-

OHIO PAROLE BOARD

     Defendant-Appellee

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 22 CA 0065


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Case No. 22 CV 177 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 7, 2023 |


APPEARANCES:

For Plaintiff-Appellant

KENNETH POLAND
PRO SE
Richland Correctional Institution
P. O. Box 8107
Mansfield, Ohio 44901

For Defendant-Appellee

DAVID YOST
OHIO ATTORNEY GENERAL
MARCY A. VONDERWELL
D. CHADD McKITRICK
SR. ASSISTANT ATTORNEYS GENERAL
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428

*Wise, J.*

{¶1}    Appellant Kenneth Poland appeals from the August 24, 2022, Judgment Entry by the Richland County Court of Common Pleas. Appellee is the Ohio Parole Board. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On September 17, 1996, a jury convicted Appellant of one count of Murder in violation of R.C. §2903.02 for beating his victim to death with a hammer.

{¶3}    On September 20, 1996, he was sentenced to fifteen years to life in prison.

{¶4}    On April 10, 2006, Appellant had his first parole hearing. Appellee denied parole.

{¶5}    On July 25, 2014, Appellee held an additional parole hearing. Appellee found Appellant engaged in serious institutional misconduct, and parole was denied.

{¶6}    On July 19, 2017, Appellee held a third parole hearing for Appellant. Appellee denied parole.

{¶7}    On June 18, 2018, Appellee held a fourth parole hearing.  Appellee denied parole.

{¶8}    On April 25, 2022, Appellant filed a complaint seeking a declaratory judgment by the trial court stating:

> (1)    DECLARE THAT THE PAROLE BOARD DENIED POLAND MEANINGFUL CONSIDERATION FOR PAROLE RELEASE WHEN IT IMPOSED MORE THAN FIVE YEARS AFTER THE INTIAL (sic) PAROLE HEARING;

(2)    DECLARE THAT THE PAROLE BOARD'S (sic) FAILED TO ADHERE TO THE CORRECT VERSIONS OF THE OHIO ADMINISTRATION CODE RULES IN EXISTENCE UNDER R.C. 5120.01 [DIRECTOR'S SIGNATORY AUTHORITY] ON 20-JUN-96 'DATE OF OFFENSE' WHEN IMPOSING 3 ½ YEARS MORE THAN PERMISSIBLE;

(3)    DECLARE THAT THE PAROLE BOARD'S FAILURE TO PROVIDE HALF-TIME-REVIEW HEARING NOT LATER THAN 2 ½ YEARS AFTER POLAND'S 2006 INITIAL HEARING WAIVED THE PAROLE BOARD'S AUTHORITY OVER POLAND'S PAROLE ELIGIBILITY CONSIDERATION; SEE AR 5120:1-1-20(D)(1);

(4)    DECLARE THAT THE PAROLE BOARD VIOLATES THE 'SEPARATION OF POWERS' WHEN CONDUCTING FRAUDULENT PAROLE HEARINGS FOR POLAND, A PRE:1-JUL-96 OFFENDER PROTECTED UNDER R.C. 5120.021(A);

(5)    DECLARE THAT THE PAROLE BOARD ENGAGES IN CRIMINAL ACTS AGAINST ALL PRE:1-JUL-96 PAROLABLE OFFENDERS AT ALL FRAUDULENT PAROLE HEARINGS SINCE 1993 AFTER THE SOCF RIOT, VIOLATING R.C. 5120.021(A);

(6)    DECLARE THAT THE PAROLE BOARD DENIES EQUAL PROTECTION LAWS UNDER R.C. 5120.021(A) WHEN IT IMPOSES DISPROPORTIONATE TREATMENT ON POLAND, A PRE:1-JUL-5120.021(A) WHEN IT IMPOSES DISPROPORTIONATE TREATMENTON

POLAND, A PRE: 1-JUL-96 OFFENDER, WHILE THE PAROLE BOARD ACTS OUTSIDE THE SCOPE OF ITS AUTHORITY;

(7)    DECLARE THE PAROLE BOARD HAS VIOLATED THE PRE: 1-JUL-96 EX POST FACTO LAWS GOVERNING ALL PRE:1-JUL-96 OFFENDERS DESCRIBED UNDER R.C. 5120.021(A);

(8)    DECLARE THAT THE BOARD INTENTIONALLY DISCRIMINATED AGAINST POLAND BY ACTING OUTSIDE THE SCOPE OF ITS AUTHORITY AND THEREBY WAIVING THEIR AUTHORITY OVER POLAND'S RELEASE DECISION MAKING;

(9)    DECLARE THAT THE PAROLE BOARD'S FAILURE TO FOLLOW ONLY THE PRE:1-JUL-96 RELEASING REGULATIONS, AS REQUIRED BY R.C. 5120.021(A), AND VIOLATED POLAND'S CIVIL AND CONSTITUTIONAL RIGHTS;

(10)    DECLARE THAT THE PAROLE BOARD'S FAILURE TO FOLLOW THE PRE: 1-JUL-96 RELEASING REGULATIONS WHEN IT INTENTIONALLY INFLICTION (sic) OF EXTREME EMOTIONAL STRESS UPON POLAND AND HIS ENTIRE FAMILY;

(11)    DECLARE THAT THE PAROLE BOARD'S FAILURE TO FOLLOW AND APPLY THE PROPER RELEASING REGULATIONS CAUSED OHIO'S JUDICIARY TO COVER UP THE MALFEASANCE, MISFEASANCE, AND NON-FEASANCE OF THE PAROLE BOARD IN MULTIPLE CIVIL CASES BEGINNING WITH LAYNE V. OAPA, 2002 OHIO

LEXIS 3054 AND CONTINUING ON TO DATE TO HIDE SERIOUS MISCONDUCT;

(12) DECLARE THAT RECKLESS INTENT IS INFERRED WHEN CONDUCT IS OUTSIDE THE SCOPE OF DUTIES AND ARE CONDUCTED IN BAD FAITH;

(13) DECLARE THAT THE LACK OF 'SIGNATORY AUTHORITY' ON THE 'DECISION SHEETS' ISSUED TO POLAND DOES NOT AUTHORIZE ACTIONS TAKEN BY THE BOARD MEMBERS AND IS FRAUD, WHERE THE CHAIR PRESENTS ITS SIGNATURE BY SIGNING A SEPARATE SHEET OF PAPER ONLY TO PROVIDE A FALSE APPEARANCE OF LEGITIMACY UNDER FALSE PRETENSES;

(14) DECLARE THAT USING THE DECISION SHEET FORM TO WRITE THEIR DECISIONS, ON A FORM THAT IS NOT SIGNED BY THE PAROLE BOARD MEMBERS WHOM CONDUCTED ALL OF POLAND'S HEARINGS, AND SAID DECISION SHEET FORM DID NOT EXIST UNTIL AFTER 20-JUNE-96 WHEN ONLY THE FORM IN CIRCULATION ON 20-JUN-96 CAN BE USED FOR ALL HEARINGS;

(15) DECLARE THAT A PAROLE BOARD DECISION SHEET USED FOR POLAND'S DECISION THAT IS ABSENT THE 'SIGNATORY AUTHORITY' OF THOSE MEMBERS WHO CONDUCTED POLAND'S RELEASE HEARING IS VOID AND FRAUDULENT;

(16) DECLARE THAT THE 2022 OHIO PAROLE BOARD HANDBOOK AND ALL OTHERS BEFORE IT, IS UNAUTHORIZED

BECAUSE IT IS NOT SIGNED INTO LAW VIA R.C. 5120.01 BY THE DIRECTOR OF THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTION ON OR BEFORE POLAND'S DATE OF OFFENSE IN 1996;

(17) DECLARE THAT PAGE 3, RELEVANT PAGE ATTACHED, OF THE OHIO PUBLIC DEFENDER'S 'SIGNATORY AUTHORITY' FOR ITS PREPARATION OR CIRCULATION AND IS HENCE, CLASSIFIED A 'CRIMINAL TOOL' DESIGNED TO HIDE PAROLE BOARD CRIMINAL ACTS COMMITTED AGAINST THE R.C. 5120.021(A) OFFENDERS'

(18) DECLARE THAT APPLYING THE 2003 MANDATORY VERSION OF AR 5120:1-1-07(A) TO POLAND'S PAROLE DECISION SHEET(S) IS ILLEGAL, BECAUSE HIS 20-JUN-96 DATE OF OFFENSE PRE-DATES 2003; AND THE DIFFERENT DECISION SHEET FORMS USED IN 2006, 2014, 2017, AND 2020 DID NOT EXIST ON 20-JUN-96;

(19) DECLARE THAT ALL OF THE ACTIONS TAKEN BY THE BOARD AT ALL OF POLAND'S HEARINGS RESULTED IN ACTS TAKEN OUTSIDE THE SCOPE OF THE PAROLE BOARD'S AUTHORITY. SEE R.C. 109.362;

(20) DECLARE THAT WHEN THE DEFENDANT FAILED TO CONDUCT THE MANDATORY 'HALF-TIME' REVIEW HEARING IN HALF OF THE LEGAL 5-YEARS THAT SHOULD HAVE BEEN IMPOSED IN 2006, PURSUANT TO AR 5120:1-1-20(D)(1), DEPICTS THAT THE DEFENDANT WAIVED THEIR AUTHORITY/JURISDICTION OVER POLAND FOREVER; SEE 1982 OHIO APP. LEXIS 12491;

(21)    DECLARE THAT WHEN THE DEFENDANT FAILED TO RELEASE POLAND AT HIS SECOND HEARING, THAT SHOULD HAVE OCCURRED NOT LATER THAN 2011, PURSUANT TO AR 5120:1-1-10(B), EFF. 1988 INSTEAD OF 2014, THAT POLAND HAS BEEN HELD WRONGFULLY IN VIOLATION OF DUE PROCESS OF LAW UNDER THE 14TH AMENDMENT OF THE U.S. CONSTITUTION SINCE 2011;

(22)    DECLARE THAT R.C. 2967.03 [CLEMENCY DISCRETION] DOES NOT APPLY TO THOSE INMATES WHOSE MINIMUM SENTENCE TO PAROLE ELIGIBILITY HAS EXPIRED, BUT ONLY APPLIES TO A PAROLE ELIGIBLE OFFENDER WHO FILES AN [APPLICATION FOR CLEMENCY] AND HAS NOT COMPLETED THEIR MINIMUM SENTENCE TO PAROLE ELIGIBILITY;

(23)    DECLARE THAT THE 1998 VERSION OF AR 5120:1-1-10(B)(2) DOES NOT APPLY TO POLAND, OR ANY OTHER OFFENDER WHO COMMITTED THEIR OFFENSE PRIOR TO 1-JUL-96;

(24) DECLARE THAT THE PAROLE RELEASING REGULATIONS WAS VIOLATED WHEN THE BOARD FAILED TO 'ORIENT POLAND TOWARD RELEASE', AND DENIED POLAND THE ENTITLEMENT TO RELEASE UNDER SUPERVISION WHERE THE 'RETURN TO CONFINEMENT FOR THOSE WHO VIOLATE THE TERMS AND CONDITIONS OF THEIR RELEASE AND ARE UNWILLING OR UNABLE TO READJUST SATISFACTORILY UNDER SUPERVISION, AR 5120:1-1-02(D), EFF. 2-JAN-79;

(25)    DECLARE THAT WHEN POLAND'S MINIMUM SENTENCE EXPIRED IN 2006, AS PRESCRIBED BY LAW, POLAND'S 'DEBT TO SOCIETY HAS BEEN PAID', 1991 U.S APP. LEXIS 4822, HN7-8, INVOKING THE LIMITED AUTHORITY OF THE PAROLE BOARD UNDER AR 5120:1-1-10(b), EFF. 2-JAN-79;

(26)    DECLARE THAT THE BOARD VIOLATED AR 5120:1-1-02(G), AS IT EXISTED ON 20-JUN-96, CONSTITUTING AN 'ABUSE OF DISCRETION' WHEN THE BOARD ACTS OUTSIDE OF THE SCOPE OF ITS AUTHORITY AS OHIO'S PAROLE RELEASING LAWS APPLY TO POLAND'S TRIAL COURT IMPOSED SENTENCE;

(27)    DECLARE THAT THE PAROLE BOARD VIOLATED AR 5120:1-1-02(B) WHEN IT CONSIDERED 'COMMUNITY OPPOSITION' TO POLAND'S RELEASE WHEN THE "DIVISION OF PAROLE AND COMMUNITY SERVICE IS FREE FROM IMPROPER CONTROL OR INFLUENCE, POLITICAL OR OTHERWISE";

(28)    DECLARE THAT SINCE 2011 THE PAROLE BOARD HAS WRONGFULLY INCARCERATED POLAND IN VIOLATION OF THE PRE: 1-JUN-96 RELEASING REGULATIONS AS PROTECTED BY R.C 5120.021(A);

(29)    DECLARE THAT BY FAILING TO TREAT POLAND, AND ALL R.C. 5120.021(A) OFFENDERS WITH FAIRNESS AND EQUITY AS REQUIRED, PURSUANT TO AR 5120:1-1-02G), THAT THE PAROLE BOARD VIOLATED POLAND'S CIVIL & CONSTITUTIONAL RIGHTS'

(30) DECLARE THAT WHEN THE PAROLE BOARD APPLIES THE 1-APR-05 VERSION OF AR 5120:1-1-11) FAILS TO PROVIDE POLAND WITH THE IN-PERSON HEARING THE LAW REQUIRES) IT VIOLATED POLAND'S CIVIL RIGHTS BY CONDUCTING ILLEGAL TELECOMMUNICATION VIDEO HEARING, AND CAUSING POLAND TO BE DETERMINED FOR RELEASE BY A FULL BOARD PANEL, UNDER THE POST 1-JUL-86 VERSION OF AR 5120:1-1-08 THAT IS BARRED BY R.C. 5120.021(A);

(31) DECLARE THAT WHEN THE PAROLE BOARD MAINTAINS IMPROPER CONTROL OR INFLUENCE OVER THE R.C. 5120.021(A) OFFENDER, THEY VIOLATE CIVIL RIGHTS WHEN THEY PERMIT ANY 'OPPOSITION' TO RELEASE POLITICAL OR OTHERWISE BY THE VICTIM(S), THE COMMUNITY, OR ANYONE ELSE; SEE AR 5120:1-1-02(B)[.]

**{¶9}** Complaint pp 1-3.

**{¶10}** On May 23, 2022, Appellee filed a Motion to Dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6).

**{¶11}** On June 9, 2022, Appellant filed a Motion for Leave of Court for a Continuance. The motion was granted.

**{¶12}** On July 1, 2022, Appellant filed a Memorandum in Opposition to Appellee's Motion to Dismiss.

**{¶13}** On July 14, 2022, Appelle filed a Reply.

**{¶14}** On August 24, 2022, the trial court granted Appellee's Motion to Dismiss.

## ASSIGNMENTS OF ERROR

{¶15} Appellant filed a timely notice of appeal. He herein raises the following Assignments of Error:

{¶16} "I. THE TRIAL COURT JUDGE DELIBERATELY VIOLATED APPELLANT'S OHIO AND FEDERAL RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENMENTS [sic] OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT ACTED TO PROTECT A PLETHORA OF OTHER JUDGES WHOM ARE ENGAGED IN A PATTERN OF CORRUPT ACTITIVIES [sic] AGAINST APPELLANT, AND THOUSANDS OF OTHER INMATES DEFINED AS R.C [sic] 5120.021(A), WHEN IT GRANTED APPELLEE'S UNLAWFUL MOTION TO DISMISS BASED ON LIES PRESENTED BY THE OHIO ATTORNEY GENERAL, AND IGNORED THE VIOLATION OF R.C. 109.362."

### I.

{¶17} In Appellant's sole Assignment of Error, Appellant appears to argue three issues: the trial court erred by failing to find the Ohio Parole Board inappropriately used post July 1, 1996, parole procedures when he was convicted prior to July 1, 1996, the trial court erred when finding Appellant's Memorandum in Opposition to Appellee's Motion to Dismiss was untimely, and the trial court erred by not addressing Appellant's Civ.R. 10(D) exhibits attached to the complaint.

### Standard of Review

{¶18} This Court reviews judgments on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted under a de novo standard. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551

N.E.2d 981; *Perrysburg Twp. V. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. Unsupported conclusions of a complaint are not sufficient to withstand a motion to dismiss. *Schulman v. Cleveland* (1972), 30 Ohio St.2d 196, 198, 59 O.O.2d 196, 197, 283 N.E.2d 175, 176.

### a.  Application of post-July 1, 1996 parole procedures.

{¶19}  Appellant appears to be arguing the trial court erred by failing to find R.C. §5120.021 prohibited the use of parole procedures developed after July 1, 1996 to those incarcerated prior to July 1, 1996. We disagree.

{¶20}  R.C. §5120.021 states:

(A)    The provisions of chapter 5120. of the Revised Code, as they existed prior to July 1, 1996, and that address the duration or potential duration of incarceration or parole or other forms of supervised release, apply to all persons upon whom a court imposed a term of imprisonment

prior to July 1, 1996, and all persons upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.

(B)    (1) The provisions of Chapter 5120. of the Revised Code, as they exist on or after July 1, 1996, and that address the duration or potential duration of incarceration or supervised release, apply to all persons upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996.

(2) The provisions of Chapter 5120. of the Revised Code, as they exist on or after the effective date of this amendment, apply to an offender who is released from confinement in a state correctional institution on or after that date.

(C) Nothing in this section limits or affects the applicability of any provision in Chapter 5120. of the Revised Code, as amended or enacted on or after July 1, 1996, that pertains to an issue other than the duration or potential duration of incarceration or supervised release, to persons in custody or under the supervision of the department of rehabilitation or correction.

{¶21} The language of the statute is clear. R.C. §5120.021 only effects sentencing duration. It does not impact the parole procedures or guidelines.

**{¶22}** Additionally, the Supreme Court of Ohio held that a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date. *State ex rel. Bealler v. Ohio Adult Parole Auth.* (2001), 91 Ohio St.3d 36, 740 N.E.2d 1100.

**{¶23}** Accordingly, Appellant's first issue is not well taken.

### b. The trial court erred when finding Appellant's July 1, 2022 Memorandum in Opposition to Appellee's Motion to Dismiss was untimely filed.

**{¶24}** Appellant argues the trial court erred by claiming his response to Appellee's Motion to Dismiss was not timely filed.

**{¶25}** However, a review of the record shows that according to the trial court's August 24, 2022 judgment entry, Appellant's response to Appellee's Motion to dismiss was filed on July 1, 2022, and was considered by the trial court.

**{¶26}** Accordingly, Appellant's second issue is not well taken.

### c. The trial court erred by not addressing Appellant's Civ.R. 10(D) Exhibits attached to the Complaint.

**{¶27}** Civ.R. 10(D)(1) states: "*Account or Written Instrument.* When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in writing." This rule is to ensure the Defendant is put on adequate notice of the complaint. The rule makes no mention of a trial court's requirement to address such attachments.

**{¶28}** Appellant does not cite any statutory, case law, rules of civil procedure, or learned treatise from this or any other jurisdiction to support the proposition that the trial court must address Civ.R. 10(D) Exhibits in a judgment entry. Accordingly, Appellant's brief does not comply with App.R. 16(A)(7), which provides,

The appellant shall include in its brief, under the headings and in the order indicated all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

**{¶29}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶14, quoting *State v. Carmen*, 8th Dist. Cuyahoga No. 90512, 2008-Ohio-4368, ¶31. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, ¶16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996).

**{¶30}** An appellate court may rely upon App.R. 12(A) in overruling or disregarding an assignment of error because of "the lack of briefing" on the assignment of error. *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392-393 (1988); *Abon, Ltd. v. Transcontinental Ins. Co.*, 5th Dist. Richland No 2004-CA-0029, 2005-Ohio-3052, ¶100; *State v. Miller*, 5th Dist. Ashland No. 04-COA-003, 2004-Ohio-4636, ¶41.

**{¶31}** Appellant has not supported his general argument with citations to authority. Appellant's argument has failed to cite statutes, case law, rules of civil procedure, or learned treatises, and apply the facts of the case to the legal authority. Consequently, we

find that Appellant has not presented an argument, but relies only upon the assertion of error and unsupported accusations. Thus, we disregard this issue.

{¶32} Accordingly, Appellant's sole Assignment of Error is overruled.

{¶33} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is hereby, affirmed.


By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/br 0303