[Cite as *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, 2012-Ohio-90.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97065

# ALLSTATE INSURANCE CO.,

PLAINTIFF-APPELLANT

vs.

# ELECTROLUX HOME PRODUCTS, INC.,

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-744324

**BEFORE:**   Keough, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   January 12, 2012

**ATTORNEY FOR APPELLANT**

Patrick J. O'Malley
Keis George LLP
55 Public Square
Suite 800
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Joseph T. Dattilo
Christopher J. Carney
Alexandra V. Dattilo
Brouse McDowell
600 Superior Avenue East
Suite 1600
Cleveland, OH 44114


KATHLEEN ANN KEOUGH, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 463 N.E.2d 655; App.R. 11.1(E).

{¶ 2} Plaintiff-appellant, Allstate Insurance Co. ("Allstate"), appeals the trial court's decision granting defendant-appellee, Electrolux Home Products, Inc.'s ("Electrolux"), motion to dismiss. For the reasons that follow, we affirm.

**{¶ 3}** In December 2010, Allstate filed a complaint against Electrolux seeking subrogation of an insurance claim paid to Allstate's insured who purchased a gas dryer that ignited and caused damage. The complaint asserted claims for (1) design defect, (2) manufacturer's defect, (3) breach of express and implied warranties, (4) failure to warn, and (5) negligence.

**{¶ 4}** Electrolux moved for dismissal pursuant to Civ.R. 12(B)(6), which the trial court granted concluding in its written decision that Allstate's complaint failed to state a claim upon which relief can be granted. Allstate appeals, raising two assignments of error, which we find are interrelated for discussion and disposition.

**{¶ 5}** In its assignments of error, Allstate contends that the trial court erred in granting Electrolux's motion to dismiss (1) by failing to properly apply the established standard for granting a motion to dismiss, and (2) in finding that Allstate had failed to properly plead a plausible claim against Electrolux.

**{¶ 6}** This court's review of a motion to dismiss pursuant to Civ.R. 12(B)(6) is de novo. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, at _5. Accordingly, if the trial court improperly applied or considered an incorrect legal standard in reviewing Electrolux's motion to dismiss, any error would be harmless because we review this matter de novo.

**{¶ 7}** In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint and, as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. *McGlone v. Grimshaw* (1993), 86

Ohio App.3d 279, 285, 620 N.E.2d 935. A complaint cannot be dismissed unless it appears beyond all doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753.

{¶ 8} It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, citing *Mitchell v. Lawson Milk* (1988), 30 Ohio St.3d 190, 192, 532 N.E.2d 753. While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639, citing *Schulman v. Cleveland* (1972), 30 Ohio St.2d 196, 198, 283 N.E.2d 175, and *Mitchell* at 193. Moreover, "'[l]egal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness.'" *Williams v. U.S. Bank Shaker Square*, 8th Dist. No. 89760, 2008-Ohio-1414, at _9, quoting *Crane & Shovel Sales Corp. v. Bucyrus-Erie Co.* (C.A.6, 1988), 854 F.2d 802, 810.

{¶ 9} Ohio is a notice-pleading state, and Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity. *Cincinnati v. Beretta U.S.A Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶29. Under the notice pleading requirements of Civ.R. 8(A)(1), the plaintiff need only plead sufficient, operative facts to

support recovery under his claims. *Doe v. Robinson*, 6th Dist. No. L-07-1051, 2007-Ohio-5746, ¶17. Nevertheless, to constitute fair notice, the complaint must allege sufficient underlying facts that relate to and support the alleged claim; the complaint may not simply state legal conclusions. *Clemens v. Katz*, 6th Dist. No. L-08-1274, 2009-Ohio-1461, ¶7; see, also, *De Vore v. Mut. of Omaha* (1972), 32 Ohio App.2d 36, 38, 288 N.E.2d 202.

{¶ 10} In this case, we find that the trial court did not err in dismissing Allstate's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Our review of the two-page complaint containing 12 enumerated paragraphs reveals that Allstate has set forth only conclusory statements. Essentially, Allstate's complaint states that because Electrolux manufactures and designs gas dryers and Allstate's insured's gas dryer caught fire, the dryer was defective, and therefore Electrolux is liable for damages. Even under Ohio's notice pleading standard, Allstate's complaint is insufficient.

{¶ 11} Paragraphs 7 through 9 of the complaint allege design and manufacturing defects. But the complaint merely recites the elements of the law governing these causes of action as a legal conclusion. It does not contain any facts or allegations that support its conclusions. *Compare Beretta* at ¶26 (design defect claim survives Civ.R. 12(B)(6) dismissal because the complaint alleges design defect by not incorporating "feasible safety devices that would prevent unauthorized use and foreseeable injuries").

**{¶ 12}** Paragraph 10 of the complaint alleges that "fire and resulting damages were the direct and proximate result of the breach of express or implied warranties given to Allstate's insured." The complaint contains no facts or allegations pertaining to the warranties allegedly received by the insured, whether expressed or implied, nor does it contain any facts as to how the gas dryer did not conform to such representations.

**{¶ 13}** Paragraph 11 of Allstate's complaint alleges that the "fire and resulting damages were the direct and proximate result of the Defendant's failure to warn Plaintiff's insured of the potential hazards and dangers associated with the operation of the gas dryer which it manufactured." Allstate does not state or allege any facts, hazards, or dangers that existed that Electrolux should have warned the insured about or what risks Electrolux should have known. *Compare Beretta* at ¶34 (failure to warn survives Civ.R. 12(B)(6) because the complaint alleged [Beretta] manufactured or supplied guns without adequate warning of their dangerousness or instruction as to their use where specific facts alleged unforeseeable risks of the firearm that were not open and obvious).

**{¶ 14}** Paragraph 12 of Allstate's complaint asserts that the "aforementioned fire and resulting damages were the direct and proximate result of the negligence of the defendant." This general statement, without any supporting facts or an allegation that Electrolux owed Allstate's insured any duty and how it breached that duty, is insufficient to survive a Civ.R. 12(B)(6) motion. *Compare Beretta* at ¶17 and 25 (negligence claim survives Civ.R. 12(B)(6) dismissal because complaint alleges negligence "in failing to exercise reasonable care in designing, manufacturing, marketing, advertising, promoting,

distributing, supplying, and selling their firearms without ensuring that the firearms were safe for their intended and foreseeable use by consumers").

{¶ 15} Accordingly, we conclude that Allstate's unsupported legal conclusions in its complaint cannot survive a Civ.R. 12(B)(6) motion to dismiss. The trial court did not err in granting Electrolux's motion.

{¶ 16} Allstate's assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR