[Cite as *Bush v. Cleveland Mun. School Dist.*, 2013-Ohio-5420.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99612**

## KATHLEEN BUSH, ETC., ET AL.

PLAINTIFFS-APPELLEES

vs.

## CLEVELAND MUNICIPAL SCHOOL DISTRICT, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-790506

**BEFORE:** E.T. Gallagher, J., Stewart, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**ATTORNEYS FOR APPELLANT**

Wayne J. Belock, Chief Legal Counsel
David J. Sipusic
Cleveland Metropolitan School District
1380 East 6th Street, Room 203
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEES**

Ronald A. Apelt
Apelt Law Firm, L.L.C.
20600 Chagrin Blvd., Suite 400
Shaker Heights, Ohio 44122

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant Cleveland Metropolitan School District ("CMSD")[1] appeals the denial of its motion to dismiss. We find merit to the appeal and reverse.

{¶2} Plaintiff-appellee Kathleen Bush ("Bush") filed a complaint on her own behalf and on behalf of her daughter, Desiree Bush ("Desiree")(collectively "appellees"), against the CMSD to recover damages for personal injuries. According to the complaint, Desiree was running from another student at Jane Addams High School, when she jumped onto a cement planter, fell, and sustained injuries. In the first count of the complaint, appellees allege this accident occurred because CMSD negligently allowed "a physical defect and hazard to exist" and failed to warn students of the dangerous condition. In the second count, they alleged that CMSD employees and agents acted in bad faith and in a wanton or reckless manner "in allowing this hazardous condition to exist, and in failing to warn students of said defect." Finally, in the third count, Bush asserts a loss of consortium claim for the loss of her daughter's services and companionship.

{¶3} The CMSD filed a motion to dismiss, arguing it was immune from liability under R.C. Chapter 2744. The trial court denied the motion and CMSD filed the instant

---

[1] CMSD is the Cleveland Metropolitan School District. The caption identifies CMSD as Cleveland Municipal School District because Bush used this name in the caption of the complaint.

appeal. In its sole assignment of error, CMSD argues the trial court erred in denying its Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.

**{¶4}** We review an order denying a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In construing the complaint, we must presume that all factual allegations are true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). In contrast to factual allegations, "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989). "'Legal conclusions, deductions, or opinions couched as factual allegations are not given a presumption of truthfulness.'" *Allstate Ins. Co. v. Electrolux Home Prods. Inc.*, 8th Dist. Cuyahoga No. 97065, 2012-Ohio-90, ¶ 8, quoting *Williams v. U.S. Bank Shaker Square*, 8th Dist. Cuyahoga No. 89760, 2008-Ohio-1414, ¶ 9.

**{¶5}** Ohio is a notice-pleading state, and the Ohio Rules of Civil Procedure generally do not require a plaintiff to plead operative facts with particularity. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Civ.R. 8(A)(1) requires that a complaint include only "(1) a short and plain statement showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Nevertheless, to constitute fair notice to the opposing party, the complaint must allege sufficient underlying facts that relate to and

support the alleged claim, and may not simply state legal conclusions. *Allstate Ins. Co.* at ¶ 9.

{¶6} CMSD argues the trial court should have dismissed appellees' complaint because it is evident from the face of the complaint that it is immune from liability pursuant to R.C. Chapter 2744. It contends the complaint fails to allege sufficient facts to state a claim upon which relief might be granted.

{¶7} R.C. Chapter 2744 sets forth a three-tiered analysis for determining whether governmental immunity applies to a political subdivision. *Greene Cty. Agricultural Soc. v. Liming,* 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000). First, the court must determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with either a governmental or proprietary function. *Id.* at 556-557; R.C. 2744.02(A)(1). Under R.C. 2744.02(A)(1), "a political subdivision is not liable for damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function."

{¶8} The second tier of the analysis requires the court to determine whether any of the five exceptions to immunity enumerated in R.C. 2744.02(B) apply to reinstate liability to the political subdivision. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998). If the court finds any of the R.C. 2744.02(B) exceptions applicable and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires the court to determine whether any of the defenses set forth in

R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability. *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 9.

{¶9} It is undisputed that CMSD is entitled to the general grant of immunity provided in R.C. 2744.02(A)(1). R.C. 2744.01(F) provides that a public school district qualifies as a political subdivision for purposes of R.C. Chapter 2744 immunity.

{¶10} CMSD argues none of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose it to liability. Appellees, on the other hand, contend that the exception set forth in R.C. 2744.02(B)(4) imposes liability on CMSD. That section states:

> political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function.

{¶11} In paragraphs four and five of the complaint, appellees alleged that Desiree's accident:

> was the direct and proximate result of the negligence of the employee/agents of the Defendants in allowing said physical defect and hazard to exist, and in failing to warn others, including students like Desiree Bush, of this known defect and hazard when it was known that this area was utilized by students.
> * * *
> The above described accident was due to a physical defect occurring within or on the grounds of Jane Addams High School, a facility used in connection with the performance of a governmental function and which was under the Defendants' control and the control of the Defendants' agents/employees.

CMSD argues that because appellees simply quote the language from the statute, they rely solely on legal conclusions, which are not sufficient to withstand a motion to dismiss. We agree.

{¶12} Although Civ.R. 8(A)(1) does not require a plaintiff to plead operative facts with particularity, the plaintiff must allege some facts to support any legal conclusions. *Allstate Ins. Co.*, 2012-Ohio-90 at ¶ 11-12. In *Allstate Ins.*, Allstate sought subrogation from Electrolux for damages allegedly caused by design defects in its insured's dryer. Finding the complaint failed to allege sufficient facts to support a claim, this court explained:

> Allstate's complaint states that because Electrolux manufactures and designs gas dryers, and Allstate's insured's gas dryer caught fire, the dryer was defective, and therefore Electrolux is liable for damages. Even under Ohio's notice pleading standard, Allstate's complaint is insufficient.
>
> Paragraphs 7 through 9 of the complaint allege design and manufacturing defects. But the complaint merely recites the elements of the law governing these causes of action as a legal conclusion. It does not contain any facts or allegations that support its conclusions. *Compare Beretta* at ¶ 26 (design defect claim survives Civ.R. 12(B)(6) dismissal because the complaint alleges design defect by not incorporating "feasible safety devices that would prevent unauthorized use and foreseeable injuries").
>
> Paragraph 10 of the complaint alleges that "fire and resulting damages were the direct and proximate result of the breach of express or implied warranties given to Allstate's insured." The complaint contains no facts or allegations pertaining to the warranties allegedly received by the insured, whether expressed or implied, nor does it contain any facts as to how the gas dryer did not conform to such representations.
>
> Paragraph 11 of Allstate's complaint alleges that the "fire and resulting damages were the direct and proximate result of the Defendant's failure to warn Plaintiff's insured of the potential hazards and dangers associated with the operation of the gas dryer which it manufactured." Allstate does not

state or allege any facts, hazards, or dangers that existed that Electrolux should have warned the insured about or what risks Electrolux should have known. *Compare Beretta* at ¶ 34 (failure to warn survives Civ.R. 12(B)(6) because the complaint alleged [Beretta] manufactured or supplied guns without adequate warning of their dangerousness or instruction as to their use where specific facts alleged unforeseeable risks of the firearm that were not open and obvious).

Paragraph 12 of Allstate's complaint asserts that the "aforementioned fire and resulting damages were the direct and proximate result of the negligence of the defendant." This general statement, without any supporting facts or allegation that Electrolux owed Allstate's insured any duty and how it breached that duty, is insufficient to survive a Civ.R. 12(B)(6) motion. *Compare Beretta* at ¶ 17 and 25 (negligence claim survives Civ.R. 12(B)(6) dismissal because complaint alleges negligence "in failing to exercise reasonable care in designing, manufacturing, marketing, advertising, promoting, distributing, supplying, and selling their firearms without ensuring that the firearms were safe for their intended and foreseeable use by consumers").

*Allstate Ins.* at ¶ 11-14.

{¶13} Here, appellees merely allege that CMSD was negligent because it allowed a defective planter to remain on its property and that the defective planter proximately caused Desiree's injuries. They further allege that Desiree ran, jumped onto the planter, and fell off the other side. Although appellees suggest the height differential between the planter and the ground created a hazardous condition, they do not provide any information to show how the planter was defective. The complaint also fails to contain any facts to establish how CMSD was responsible for any defective condition. Reciting language from R.C. 2744.02(B)(4) to establish an exception to CMSD's governmental immunity, without additional facts to support the allegation, is not sufficient to withstand a motion to dismiss.

**{¶14}** The sole assignment of error is sustained.

**{¶15}** Judgment reversed.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR