[Cite as *Harper v. Weltman, Weinberg & Reis Co., L.P.A.*, 2019-Ohio-3093.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHARLES HARPER, ET AL.,                  :

      Plaintiffs-Appellants,         :

                                   No. 107439

      v.                                                 :

WELTMAN, WEINBERG
AND REIS CO., L.P.A., ET AL.,             :

      Defendants-Appellees.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-894696

---

### *Appearances:*

Weltman, Weinberg & Reis Co., L.P.A., and Daniel A. Friedlander, *for appellees.*

Darryl E. Pittman & Associates, and Darryl E. Pittman, *for appellants.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Plaintiffs-appellants, Charles Harper, et al. (collectively "appellants," individually "Charles" and "Bernadette"), appeal from the trial court's judgment granting the motion to dismiss filed by defendants-appellees, Weltman, Weinberg

& Reis Co., L.P.A., et al. ("defendants").  Appellants raise the following assignment of error for review:

> The trial court abused its discretion in dismissing the case because there were questions of fact which precluded the court from granting a motion to dismiss.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I.    Procedural and Factual History

{¶ 3} In May 2011, a complaint for cognovit judgment (the "Cognovit Complaint") was filed against Charles and others in Cuyahoga C.P. No. CV-11-756112.  The Cognovit Complaint alleged that in March 2010, Charles Emerman, as trustee of the Charles Emerman Revocable Trust, loaned $63,374 to Donald Williams, Sr., Donald Williams, Jr., and Charles. Trustar Funding, L.L.C. ("Trustar") served as the loan servicer for Emerman, and thus, the cognovit note was between Trustar and the three borrowers.  The note was secured by a mortgage on commercial property located at 22021 Euclid Avenue, Euclid, Ohio. The property was owned by Shepherd Group Realty and Development Corporation, a Georgia corporation that was owned and operated by Donald Williams, Sr.

{¶ 4} Judgment in that case was ultimately rendered in favor of Trustar and against Charles in the amount of $71,951.11.  In February 2018, this court affirmed the trial court's judgment denying Harper's motion to vacate the cognovit judgment. *Trustar Funding, L.L.C. v. Harper*, 8th Dist Cuyahoga No. 105837, 2018-Ohio-495.

**{¶ 5}** In September 2017, defendants filed a complaint on behalf of Trustar in Cuyahoga C.P. No. CV-17-886346 (the "Fraudulent Conveyance Complaint") against Charles, Bernadette, and Gilmore Heights Dental Holdings, Ltd. In the Fraudulent Conveyance Complaint, Trustar stated that it was "the holder of an outstanding cognovit judgment rendered in the Cuyahoga Court of Common Pleas, under Case No. CV-11-756112 on May 25, 2011 against Charles W. Harper and others." In an effort to collect the outstanding judgment, Trustar sought a creditor's bill and set forth a fraudulent conveyance cause of action. Trustar alleged that Bernadette "holds, receives, [and] conceals income rightfully due [to Charles] * * * in an attempt to avoid payment of creditors' claims including that of [Trustar]." In January 2018, Trustar voluntarily dismissed the complaint.

**{¶ 6}** On March 16, 2018, appellants filed the complaint that is the subject of this appeal in Cuyahoga C.P. No. CV-18-107439 against the defendants, Weltman, Weinberg & Reis Co., L.P.A., and attorney Donald A. Mausar. The complaint alleged that by filing the Fraudulent Conveyance Complaint on behalf of Trustar, the defendants violated certain provisions of the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692 ("FDCPA"), and the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. 1345.01 et seq. Specifically, appellants alleged that because Trustar previously assigned the cognovit judgment to a third party in 2016, defendants filed the Fraudulent Conveyance Complaint while having knowledge that Trustar "had no interest whatsoever in the judgment being sued upon." Relevant to this appeal, the complaint incorporated the Fraudulent Conveyance Complaint by reference.

{¶ 7} In April 2018, defendants filed a Civ.R. 12(B)(6) motion to dismiss, arguing that appellants' complaint failed to state a claim upon which relief may be granted because the underlying debt did not arise from a "consumer transaction" as contemplated under the FDCPA or the OCSPA. Thus, defendants maintained that appellants' FDCPA and OCSPA claims fail as a matter of law because they "are definitionally invalid given that the [underlying] lawsuit was based on a commercial, not a consumer transaction." The motion to dismiss attached copies of the Cognovit Complaint, the Fraudulent Conveyance Complaint, and the underlying cognovit promissory note.

{¶ 8} In June 2018, the trial court issued a journal entry granting defendants' motion to dismiss. The court stated, in relevant part:

> The court, in construing all factual allegations in the complaint as true and drawing all reasonable inferences in favor of Plaintiffs, finds that Plaintiffs' complaint fails to state a claim upon which relief may be granted.

{¶ 9} Appellants now appeal from the trial court's judgment.

## II. Law and Analysis

{¶ 10} In their sole assignment of error, appellants argue the trial court erred by granting defendants' motion to dismiss. Appellants contend that its complaint "alleged facts sufficient to satisfy Ohio's notice pleading standard on all counts."

### A. Standard of Review

{¶ 11} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted "is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605

N.E.2d 378 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989).  In order for a trial court to grant a motion to dismiss for failure to state a claim on which relief can be granted, it must appear "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief."  *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.), citing *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14.

{¶ 12}  An appellate court employs "a de novo standard of review for motions to dismiss filed pursuant to Civ.R. 12(B)(6)."  *Grey* at ¶ 3, citing *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). Under de novo analysis, we are required to "accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  *Id.* at ¶ 3, citing *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). "Unsupported conclusions of a complaint[,] [however,] are not considered admitted and are not sufficient to withstand a motion to dismiss."  *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989), citing *Schulman v. Cleveland*, 30 Ohio St.2d 196, 283 N.E.2d 175 (1972).

{¶ 13}  Given the litigation history of the parties involved in this case, it is necessary to note that when assessing a Civ.R. 12(B)(6) motion to dismiss, a trial court is not permitted to "take judicial notice of court proceedings in another case." *NorthPoint Props. v. Petticord,* 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 16 (8th Dist.), citing *Campbell v. Ohio Adult Parole Auth.*, 10th Dist. Franklin

No. 97APE05-616, 1997 Ohio App. LEXIS 4829 (Oct. 28, 1997). Similarly, "'a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved.'" *Id.*, quoting *First Michigan Bank & Trust Co. v. P. & S. Bldg.*, 4th Dist. Meigs No. 413, 1989 Ohio App. LEXIS 527 (Feb. 16, 1989). A trial court "may only take judicial notice of prior proceedings in the immediate case." *Id.*, quoting *In re LoDico,* 5th Dist. Stark No. 2003-CA00446, 2005-Ohio-172, ¶ 94.

{¶ 14} With that said, however, courts may take judicial notice of judicial opinions and public records accessible from the internet. *See, e.g., State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, 10. In addition, this court has previously stated that "'documents attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6).'" *Glazer v. Chase Home Fin. L.L.C.,* 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 38, quoting *NCS Healthcare, Inc. v. Candlewood Partners, L.L.C.,* 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797, ¶ 20 (8th Dist.); *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997). In fact, the trial court may "review documents that were incorporated into the complaint, even if not attached to the complaint." *Id.*, citing *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, ¶ 16, fn. 6; *Fillmore v. Brush Wellman, Inc.*, 6th Dist. Ottawa No. OT-03-029, 2004-Ohio-3448.

{¶ 15} In this case, the trial court did not convert the motion to dismiss into a motion for summary judgment. Our review, therefore, is limited to the four corners of the complaint and to the documents attached or incorporated therein. *Fillmore* at ¶ 9.

### B.    The FDCPA and the OCSPA

{¶ 16} As stated, appellants' complaint alleged that defendants violated certain provisions of the OCSPA and FDCPA while attempting to collect a consumer debt on behalf of Trustar. Both the FDCPA, 15 U.S.C. 1692 et seq., and the OCSPA, R.C. 1345.01 et seq., are remedial statutes, intended to reach a broad range of conduct.

{¶ 17} The United States Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. 1692a.

{¶ 18} Under the FDCPA, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. 1692e. A debt collector is also prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. 1692f. The FDCPA includes a list of these prohibited practices under each of these sections. 15 U.S.C. 1692e and f.

{¶ 19} When analyzing whether conduct giving rise to the claim fits within the broad scope of the FDCPA, "the conduct is viewed through the eyes of the 'least sophisticated consumer.'" *Currier v. First Resolution Invest. Corp.,* 762 F.3d 529, 533 (6th Cir.2014). That standard, while protecting "the gullible and the shrewd alike," also presumes "a basic level of reasonableness and understanding on the part of the debtor." *Id.*

{¶ 20} A plaintiff must prove four essential elements to establish a prima facie case for a violation of the FDCPA:

> 1. [T]he plaintiff is a natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C.A. §§ 1692a(3), 1692(d) for purposes of a cause of action, 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11);
>
> 2. [T]he "debt" arises out of a transaction entered primarily for personal, family, or household purposes, 15 U.S.C.A. § 1692a(5);
>
> 3. [T]he defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C.A. § 1692a(6); and
>
> 4. [T]he defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A § 1692a—1692o; 15 U.S.C.A § 1692a; 15 U.S.C.A § 1692k.

*Whittiker v. Deutsche Bank Natl. Trust Co.*, 605 F.Supp.2d 914, 938-939 (N.D.Ohio 2009). "The absence of any one of the four essential elements is fatal to a FDCPA lawsuit." *Id.* at 939.

{¶ 21} Regarding the elements of a claim under the FDCPA, this court has stated:

> The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the

transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. 1692a(5).  As the plain language of the statute indicates, not all obligations to pay are considered debts subject to the FDCPA.  *Rather, the FDCPA may be triggered only when an obligation to pay arises out of a consumer transaction.  Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir.1992) (holding that the FDCPA applies only to "consumer debts" incurred "primarily for personal, family, or household purposes").

A "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. 1692a(6).  Within this context, a "consumer" is "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. 1692a(3).

(Emphasis added.)  *Cawrse v. Melvin Banchek Co., L.P.A. (In re Apelt),* 8th Dist. Cuyahoga No. 102765, 2015-Ohio-5149, ¶ 22-23.

{¶ 22} "[T]he OCSPA also provides protections for consumer debtors against debt collectors and their attorneys."  *Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627, 2016-Ohio-3444, 72 N.E.3d 573, ¶ 12.  The act states that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction."  R.C. 1345.02(A).  R.C. 1345.03(A) provides that "[n]o supplier shall commit an unconscionable act or practice in connection with a consumer transaction."

{¶ 23} R.C. 1345.01(A) defines a "consumer transaction" as follows:

"Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code,

and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; * * *.

{¶ 24} With the essential elements of appellants' federal and state claims in mind, we now consider the sufficiency of appellants' complaint to determine whether it fails to state a claim on which relief can be granted.

### C. Sufficiency of Appellants' Complaint

{¶ 25} With respect to the necessary elements of claims under the FDCPA and the OCSPA, appellants' complaint alleged, in relevant part:

> 6. Plaintiffs are "consumers" as defined in FDCPA 15 U.S.C. § 1692a(3) and OCSPA R.C. 1345.01(D).
>
> 7. Defendants, Weltman, Weinberg and Reis Co., L.P.A., and Donald A. Mauser, are attorneys engaged in the business of debt collection in the State of Ohio, and regularly collect debts due to others. Defendants are debt collectors within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).
>
> 8. Defendants sought to collect debts allegedly owed to Trustar, a defunct Ohio corporation, and a third-party who is not a party to this suit.
>
> 9. The debt that is the subject of this Complaint is a "consumer debt" as defined by FDCPA 15 U.S.C. § 1692a([5]) and a "consumer transaction" as defined [under] R.C. 1345.01(A).

Appellants' complaint, ¶ 6-9.

{¶ 26} In support of their claims under the FDCPA, appellants alleged that the defendants' Fraudulent Conveyance Complaint falsely misrepresented "that Trustar had standing to sue Plaintiffs, that [Trustar] owned the alleged debt, and that Plaintiffs owed money to Trustar." Complaint at ¶ 23, citing 15 U.S.C. 1692e.

Appellants further alleged that "'defendants' efforts to collect the alleged debt violated 15 U.S.C. 1692f, as there was no basis—legal nor contractual—which could support the collection of the [cognovit judgment] from Plaintiff." *Id.* at ¶ 24.

{¶ 27} Regarding their claims under the OCSPA, appellants alleged that defendants violated R.C. 1345.01 et seq. by using "abusive, harassing, deceptive, and unconscionable sales practices" to collect the cognovit judgment debt. *Id.* at ¶ 32. Appellants asserted that defendants' violations include, but are not limited to (1) "engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff"; (2) "giving Plaintiffs the impression that Defendants would take action they could not legally take"; (3) "engaging in conduct which had the purpose and effect of disgracing Plaintiffs"; and (4) "failing to include consumer warnings in communications with Plaintiffs." *Id.*

{¶ 28} On appeal, appellants argue that their complaint "alleged facts sufficient to satisfy Ohio's notice pleading standard on all counts." Appellants further contend that the trial court erred by failing to "look at the substance" of the underlying cognovit note transaction in "determining whether or not the transaction was a consumer transaction." Defendants oppose appellants' position, arguing that appellants' complaint contains "no factual allegations in any way supporting the 'consumer' and 'consumer transaction' elements of an OCSPA or FDCPA claim."

{¶ 29} Because Ohio is a notice-pleading state, Ohio law ordinarily does not require a plaintiff "to plead operative facts with particularity." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. However,

"the 'notice pleading' requirement is not meaningless." *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 13.

{¶ 30} Civ.R. 8(A) requires "a short and plain statement of the claim showing that the party is entitled to relief." "Although a complaint need not state with precision all elements that give rise to a legal basis for recovery, fair notice of the nature of the action must be provided." *McWreath v. Cortland Bank*, 11th Dist. Trumbull No. 2010-T-0023, 2012-Ohio-3013, ¶ 40, citing *Bridge v. Park Natl. Bank*, 10th Dist. Franklin No. 03AP-380, 2003-Ohio-6932, ¶ 5. "Under the notice pleading requirements, 'to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions.'" *Id.*, citing *Gonzalez v. Posner*, 6th Dist. Fulton No. F-09-017, 2010-Ohio-2117, ¶ 11. This court has explained:

> "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"

*Sultaana v. Horseshoe Casino*, 8th Dist. Cuyahoga No. 102501, 2015-Ohio-4083, ¶ 12, quoting *Digiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 49, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

{¶ 31} As stated, appellants alleged in their complaint that (1) "[they] are 'consumers' as defined in FDCPA 15 U.S.C. 1692a(3) and OCSPA R.C. 1345.01(D)";

and (2) "[t]he debt that is the subject of this complaint is a 'consumer debt' as defined by FDCPA 15 U.S.C. § 1692a([5]) and a 'consumer transaction' as defined [under] R.C. 1345.01(A)." However, appellants' recitation of the relevant language used in the FDCPA and the OCSPA amounts to "legal conclusions, deductions, or opinions couched as factual allegations." *Allstate Ins. Co. v. Electrolux Home Prods. Inc.*, 8th Dist. Cuyahoga No. 97065, 2012-Ohio-90, ¶ 8. Thus, they are not given a presumption of truthfulness.

{¶ 32} Upon review, we find appellants complaint is entirely devoid of any factual allegations that would support or further enhance any inference that the underlying debt arose from a transaction that was primarily for "personal, family, or household purposes." *See* 15 U.S.C. 1692a(5) and R.C. 1345.01(A). Beyond referencing the cognovit judgment rendered against Charles and others in Case No. CV-11-756112, the complaint does not contain any factual allegations relating to the circumstances of the relevant transaction. Thus, we find appellants failed to allege sufficient facts to support essential elements of their claims under the FDCPA and the OCSPA — i.e., the consumer nature of the underlying transaction.

{¶ 33} Because bare legal conclusions are not considered admitted and are not sufficient to withstand a motion to dismiss, we find appellants' complaint failed to state a claim upon which relief can be granted. *See, e.g., Michelson v. Volkswagen Aktiengesellschaft*, 2018-Ohio-1303, 99 N.E.3d 475, ¶ 24 (8th Dist.) (finding plaintiff's complaint failed to state a claim upon which relief can be granted because plaintiff made "bare legal conclusion[s]" that "are not supported by any facts in the

complaint[.]”); *Bush v. Cleveland Mun. School Dist.*, 8th Dist. Cuyahoga No. 99612, 2013-Ohio-5420, ¶ 13 (stating that the recitation of relevant statutory language, without additional facts to support the allegation, is not sufficient to withstand a motion to dismiss).

{¶ 34} Similarly, we find no merit to appellants' broad position that the trial court “erred by not examining the [underlying cognovit] transaction as a whole to determine whether it was primarily consumer or commercial in nature.” Appellants suggest the trial court took a “short cut” by failing to carefully examine the “purpose of the [underlying cognovit transaction].” However, under Civ.R. 12(B)(6), the trial court was not required to render legal conclusions on disputed issues of fact, such as the purpose of the underlying loan, at this stage of the litigation. As previously stated, dismissal under Civ.R. 12(B)(6) was appropriate in this case due to the insufficiency of the complaint, and not the merits of the unsupported legal conclusions raised therein.

{¶ 35} In an effort to avoid the aforementioned deficiencies of the complaint, appellants argue Bernadette was not required to demonstrate that “the underlying transaction was a consumer transaction” because she was not a party to the cognovit transaction in 2010. In support of this argument, appellants rely on a decision issued by the United States District Court for the Eastern District of California.

{¶ 36} In *Davis v. Midland Funding, L.L.C.,* 41 F.Supp.3d 919 (E.D.Cal. 2014)*,* the plaintiff filed an action against defendants, alleging that the defendants violated several provisions of the FDCPA. The gravamen of plaintiff’s complaint was

that defendants wrongly attempted to collect an obligation from him that was actually owed by another person. Defendants moved for summary judgment, arguing that they were entitled to judgment because plaintiff was unable to establish whether the obligation the defendants sought to collect arose from a "debt" as defined under 15 U.S.C. 1692a(5). Thus, the issue before the court was "whether a debt collector that attempts to collect an obligation from the wrong person is subject to the FDCPA, even if there is some possibility that the underlying obligation stemmed from a commercial transaction." *Id.* at 923.

{¶ 37} Ultimately, the *Davis* court denied the defendants' motion for summary judgment, stating, in relevant part:

> By its plain text, the FDCPA encompasses claims brought by individuals subjected to collection efforts for obligations they are falsely alleged to have owed.
>
> * * *
>
> It would be absurd to hold that a plaintiff who is subject to debt collection efforts for an obligation that he does not owe is ineligible for the FDCPA's protections simply because he cannot characterize the nature of that obligation.

*Davis* at 924-925. *But see Strauss v. CBE Group, Inc.*, S.D.Fla. No. 15-62026-CIV-COHN/SELTZER, 2016 U.S. Dist. LEXIS 194257 (June 8, 2016) (stating that "*Davis* is seemingly in conflict with binding Eleventh Circuit precedent that, in order to recover on an FDCPA claim, 'a plaintiff must make a threshold showing that the money being collected qualifies as a debt.'"), citing *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 838 (11th Cir.2010); *McBeth v. Credit Protection Assn., L.P.*, M.D.Fla. No. 8:14-CV-606-T-36AEP, 2015 U.S. Dist. LEXIS 94016 (July 20, 2015).

{¶ 38} In this case, appellants ask this court to follow the reasoning of *Davis*, and hold that Bernadette need not establish that the debt at issue was a "consumer debt" as defined by the FDCPA. However, after careful consideration, we find *Davis* to be factually distinguishable, and therefore, inapplicable. Contrary to the facts addressed in *Davis*, the defendants' fraudulent conveyance claim against Bernadette in this case did not equate to an attempt "to collect an obligation from the wrong person." This case does not involve a mistaken identity, nor does it involve a debt, the nature of which is unknown to the parties. *See Lyon v. Am. Recovery Serv.*, N.D.Ohio No. 1:14CV25412016, U.S. Dist. LEXIS 119936 (Sept. 6, 2017) (distinguishing *Davis*). Here, the Fraudulent Conveyance Complaint supporting appellants' FDCPA and OCSPA claims sought a creditor's bill to collect the underlying obligation from Charles. It did not allege that Bernadette owed the defendants a consumer debt. Rather, the fraudulent conveyance claim against Bernadette was predicated on alleged conduct that was completely independent from the underlying transaction that gave rise to the cognovit judgment against Charles and others. Accordingly, we find no basis to apply *Davis* to the circumstances of this case.

### III. Conclusion

{¶ 39} Viewing the four corners of the appellants' complaint, we find the trial court did not err by granting defendants' Civ.R. 12(B)(6) motion to dismiss.

{¶ 40} Appellants' sole assignment of error is overruled.

{¶ 41} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR