[Cite as *Grace v. Exeter Fin.*, 2024-Ohio-6027.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF OHIO

MYRON GRACE,                          :

    Plaintiff-Appellant,          :               No. 113798

v.                                    :

EXETER FINANCE,                       :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 26, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-991190

---

### *Appearances:*

Myron Grace, *pro se.*

McGlinchey Stafford, Jessica M. Johnson, and James W. Sandy, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant Myron Grace, pro se, appeals the decision of the trial court that dismissed the case with prejudice upon granting defendant-appellee Exeter Finance LLC's motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to

state a claim upon which relief can be granted.  Upon review, we affirm the trial court's decision.

{¶ 2}  On January 10, 2024, appellant Myron Grace filed a complaint against Exeter Finance ("Exeter").  Grace alleged that on January 2, 2024, Exeter sent him a "notice of right to cure default" that stated $2,202.68 was due by January 15, 2024, that Exeter was acting in an unreasonable manner toward him, that he had acted in good faith by making multiple payments in December 2023 and January 2024, and that Exeter had issued an extension on the contract.  The complaint referenced the Ohio Consumer Sales Practices Act ("CSPA"); R.C. 1345.02 for unfair or deceptive acts or practices; several criminal statutes, including R.C. 2913.01 for certain definitions relating to theft and fraud offenses; R.C. 2913.01 for extortion; and R.C. 2921.03 for intimidation.  The complaint makes the conclusory assertion that "Exeter Finance has committed Fraud, Threat of Intimidation, Violation of ORC Consumer Codes, Abuse of Fiduciary Relationship, Detrimental Reliance, and Extortion, and caused the Plaintiff Emotional Distress."  Grace requested damages in a total amount of $72,500.

{¶ 3}  Grace attached to his complaint a copy of the notice of right to cure default that reflected the amount due on a contract for a 2019 Dodge Caravan and informed Grace of his right to cure the default by January 15, 2024.  Grace also attached a retail installment contract for his purchase of the vehicle from New Century Auto Sales on March 13, 2021.

**{¶ 4}** On February 9, 2024, Exeter filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Exeter argued that (1) it is not subject to the Ohio CSPA as an "assignee" of the retail installment contract; (2) there are no independent civil causes of action for criminal theft or criminal extortion under Ohio law; and (3) Grace had failed to state a viable claim for criminal intimidation because there was no allegation that plaintiff is a public servant. Exeter otherwise argued that plaintiff's complaint merely stated legal conclusions without any factual support for his alleged claims. Exeter cited case law supporting the dismissal of the claims.

**{¶ 5}** Grace filed a brief in opposition to Exeter's motion that generally reasserted what was in his complaint. Exeter filed a reply in which it argued that Grace had failed to address Exeter's arguments supporting a dismissal of the claims or to establish that he has any viable claims.

**{¶ 6}** On April 4, 2024, the trial court granted Exeter's motion to dismiss the complaint for failure to state a claim under Civ.R. 12(B)(6). The trial court considered the arguments, set forth the applicable law for a Civ.R. 12(B)(6) dismissal, and concluded as follows:

> Having construed the material allegations in the pleadings with reasonable inferences to be drawn therefrom in favor of the nonmoving party, the court finds that plaintiff's complaint does not state facts demonstrating viable claims for relief. As such, the court finds that dismissal of plaintiff's complaint against defendant Exeter Finance is proper and movants are entitled to judgment as a matter of law pursuant to Civ.R. 12(B)(6).

The trial court dismissed the action with prejudice, and Grace appealed the trial court's decision.

{¶ 7} At the outset, we are mindful that "[a]n appellate court addresses and resolves legal error as presented and argued by the parties" and "[i]t is not the court's task to formulate . . . legal arguments" on their behalf. *State v. Hale*, 2024-Ohio-4866, ¶ 27, citing *State v. Quarterman*, 2014-Ohio-4034, ¶ 19. Furthermore, "'[i]t is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" (Emphasis in original.) *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).

{¶ 8} In this appeal, the assignment of error presented by Grace challenges a ruling that never occurred. Grace claims that the trial court erred by allowing Exeter's request to compel arbitration to be granted, that he is indigent and has no financial means to pay for arbitration, and that the cost of arbitration would be unconscionable. However, there was no request to compel arbitration in this case, and the trial court never ordered the case to arbitration. Rather, the case was dismissed under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The assignment of error as presented is overruled.

{¶ 9} Nevertheless, we recognize that this appeal was taken from the trial court's dismissal of the action under Civ.R. 12(B)(6), and appellee has argued that the motion to dismiss should be affirmed. Our review of the trial court's decision is de novo. *See Allstate Ins. Co. v. Electrolux Home Prods.*, 2012-Ohio-90, ¶ 6, citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. "A complaint cannot be

dismissed unless it appears beyond all doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Id.* at ¶ 7, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). "While the factual allegations of the complaint are taken as true, '[u]nsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.'" *Id.* at ¶ 8, quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 10} Upon our de novo review in this matter, we find the trial court did not err in granting Exeter's motion to dismiss. A review of the complaint shows that it fails to set forth a proper claim against Exeter for violation of the Ohio CSPA and refers to criminal provisions without pleading civil causes of action. Further, we find that the complaint sets forth insufficient factual allegations, includes unsupported legal conclusions, and otherwise fails to state any viable claim upon which relief can be granted. We agree with the trial court's determination that Exeter is entitled to judgment as a matter of law pursuant to Civ.R. 12(B)(6). Grace has failed to demonstrate otherwise on appeal.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR